682 So.2d 995 (1996)
Susan LEE, etc. Plaintiff-Appellant,
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, et al. Defendant-Appellee.
No. 96-517.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
Writ Denied January 31, 1997.
*996 John Franklin McKay, Baton Rouge, for Susan Lee et al.
Jan Peter Christiansen, Monroe, Calvin E. Woodruff Jr., Abbeville, for General Motors Corp.
Before WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
Plaintiff appeals judgment of trial court finding defendant automobile manufacturer not at fault for injuries occurring during automobile accident, asserting improper jury verdict forms, improper admission of evidence, and juror misconduct. We affirm.

FACTS
On November 27, 1988, Scottra Michelle Vincent (Vincent), was injured in an automobile accident. The car, a 1988 Pontiac Lemans, was owned and operated by Vincent's aunt, Wendy Delino (Delino). As the car was proceeding north on Louisiana Highway 331, Delino swerved to the left to avoid hitting a small animal in the road. The automobile struck an embankment and came to rest facing the roadway in an inclined position. Vincent sustained injuries to her face. Susan Lee (Lee), Vincent's mother and natural tutrix, brought suit for herself and on behalf of Vincent against defendant, General Motors *997 Corporation (General Motors). Lee alleges that Vincent's injuries resulted from a defect in the design and/or composition of the automobile and radio, which caused the radio to break loose from the console of the automobile and strike Vincent in the face. A jury trial commenced on May 9, 1995. The jury returned a verdict in favor of General Motors, finding that Vincent's injuries were not caused by a defect which caused the radio in the car to strike Vincent in the face. Lee filed a Motion for Judgment Notwithstanding the Verdict (JNOV), objecting to the form of the jury interrogatory, the introduction of a video tape into evidence, and alleging juror bias. The motion was denied by the trial court and Lee appeals.

ASSIGNMENTS OF ERROR
Lee claims the following assignments of error:
(1) The trial court erred in submitting a verdict sheet to the jury which contained confusing or misleading interrogatories and/or interrogatories that could not be subject to more than one interpretation and did not adequately set forth all of the issues to be decided by the jury;
(2) The trial court committed error in allowing General Motors to show a video taped experiment when Lee's counsel was not given the opportunity to participate in the experiment, nor was Lee's counsel made aware of the existence of this video taped experiment until just prior to trial and had no time to form any type of rebuttal evidence;
(3) The judgment of this case is tainted because one of the jurors did not reveal, during voir dire, that a member of her family was represented by Lee's counsel in a previous lawsuit which ended on bad terms between Lee's counsel and the juror's relative.

LAW

JURY VERDICT SHEETS
Lee's first assignment of error is that the trial court erred in submitting a jury verdict sheet which contained confusing and/or misleading interrogatories which did not set forth all the issues to be decided by the jury. The jury verdict sheet submitted read, in part, as follows:
1. Do you find that the radio dislodged from the dashboard and hit Scottra Vincent in the face?
YES _______ NO _______
If your answer is "No," then the foreperson should sign and date the verdict sheet and notify the court of your decision. If your answer is "Yes," go to question 2.
The jury answered the first question in the negative, and, therefore, did not reach question # 2. Lee asserts that this jury verdict sheet was misleading because it did not set forth all the issues to be decided by the jury. To support this assertion, Lee argues that the trial court erred in confining the question of injury to whether or not the radio dislodged and hit Vincent in the face. Lee contends that the jury could have found General Motors liable for other alleged defects. Because the jury could have found Vincent injured by some cause other than the radio, Lee argues, the jury could have answered question # 1 in the negative and still found General Motors liable, rendering the verdict sheet misleading and confusing. We disagree.
The trial court is under no obligation to give any specific jury instructions that may be submitted by either party; it must, however, correctly charge the jury. Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3 Cir.1991). Jury instructions are adequate if they fairly and reasonably point up the issues and provide correct principles of law for the jury to apply to those issues. Kaplan v. MissouriPacific Railroad Co., 409 So.2d 298 (La.App. 3 Cir.1981). "An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial." Doyle, 576 So.2d at 1152. This manifest error standard of review may not be ignored unless the proposed jury instructions are so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and the facts. Lewis v. WalMart Stores, Inc., 546 So.2d 267 (La.App. 3 Cir.1989). However, if no objection *998 is made to any alleged flaws in the proposed interrogatories before the jury retires, any objection is considered waived. La.Code Civ.P. arts. 1812 & 1793; Sampson v. Lemoine, 94-1568 (La.App. 3 Cir. 5/3/95); 657 So.2d 181.
In the present case, Lee contends that the interrogatories given did not allow for consideration of factual scenarios and issues presented in the case. We need not address that issue, however, due to the untimeliness of Lee's objection. To preserve an objection as to the form or wording of jury instructions, the objection must be made before the jury retires. Lee did not do this. Therefore, she is estopped from raising the issue on appeal.

ADMISSION OF VIDEO TAPE INTO EVIDENCE
Lee's second assignment is that the trial judge erred in allowing General Motors to show a video taped experiment of the force needed to dislodge the car radio. Lee argues that her counsel was not given the opportunity to participate in the experiment, nor was counsel made aware of the existence of the video taped experiment until just prior to trial and had no time to form any type of rebuttal evidence.
Introduction into evidence of videotapes is within the sound discretion of the trial judge. Lafleur v. John Deere Co., 491 So.2d 624 (La.1986); Malbrough v. Wallace, 594 So.2d 428 (La.App. 1st Cir.1991). Absent abuse of discretion, an appellate court will not overrule a trial court's evidentiary determinations. In the present case, Lee argues that her counsel was not present at the taping of the experiment, nor did counsel have sufficient time to review, rebut, or impeach the video taped experiment. Initially, it must be noted that no rule of evidence requires the presence of the opposing party's counsel at the video taping of an experiment. Furthermore, the record shows that the experiment was video taped only after Lee took supplemental depositions from her original three experts, and a new deposition from an additional expert, Dr. Paulson. General Motors asserts that the video taped experiment was in response to these late depositions. The trial court considered this evidence and found that, under the circumstances, General Motors had met its burden of notice. Finally, Lee argues that the video tape was not indicative of actual conditions during the crash. The trial court found that the video tape was not prejudicial and that it would facilitate the understanding of the jury. With no record of the pre-trial order, and no written reasons supporting the trial court's rulings, we cannot say that the trial judge abused his vast discretion by allowing the videotape into evidence.
JUROR BIAS
Lee's third assignment is that the verdict rendered in this matter was tainted by the failure of one jury member to disclose a potential bias against the firm representing Lee and that the trial court erred in not granting either a Judgment Notwithstanding the Verdict, or a new trial. Specifically, Lee asserts that one of the jurors, Ms. Emalia Maceaux, failed to inform the court that her brother, Louis Aube, had been a client of Craig Watson, one of the counselors for Ms. Lee. Lee argues that Watson and Aube's relationship was rocky and that Aube had replaced Watson as his attorney because of animosity between Aube and Watson. Lee, however, has presented no evidence to support the assertion that Ms. Manceaux knew Watson as Aube's attorney, that she knew of the animosity between them, or that such knowledge, if it existed, biased her deliberations in any way. La.Code Civ.P. art. 1972(3) states that "a new trial shall be granted ... when the jury was bribed or has behaved improperly so that impartial justice has not been done." This determination is within the trial court's discretion and should not be reversed absent an abuse of that discretion. Fletcher v. Langley, 93-624 (La. App. 3 Cir. 2/2/94); 631 So.2d 693; Perkins v. Fontenot, 548 So.2d 369 (La.App. 3 Cir. 1989). Lee's bare assertions of potential bias are not sufficient to establish that Ms. Manceaux behaved so improperly that justice was not done. Accordingly, the trial court did not abuse its discretion in denying Lee's motion for a new trial.

*999 CONCLUSION
For the above mentioned reasons, the decision of the trial court is affirmed, with costs to the plaintiff.
AFFIRMED.