772 So.2d 173 (2000)
Judy LIBERSAT, et al.
v.
J & K TRUCKING, INC. and National Union Fire Insurance.
No. 00-00192-CA.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
Rehearing Denied December 13, 2000.
*174 R. Chadwick Edwards, Jr., Edwards & Edwards, Abbeville, Louisiana, Counsel for Plaintiffs-Appellants.
James L. Pate and Susan Stagg Robinson, Laborde & Neuner, Lafayette, Louisiana, Attorneys for Defendants-Appellees.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and MARC T. AMY, Judges.
SAUNDERS, Judge.
This case arose out of an auto accident between Chad Mitchell and James Libersat which resulted in Mr. Libersat's death. The wife and daughters of James Libersat brought wrongful death and survival actions against the Defendants, J & K Trucking, Inc., Union Fire Insurance Company, and Patterson Truck Line, Inc. At trial, the jury ruled in favor of the Defendants. We affirm.

FACTS
On January 25, 1996 at approximately 7:46 p.m., Chad Mitchell was driving northbound on Johnston Street (Highway 167) in a 1994 Ford truck with a flatbed trailer. Mr. Mitchell was returning from Intracoastal City after dropping off a load of pipe on behalf of his employer Patterson Truck Line, Inc. Shortly after passing the intersection of Johnston Street and H. Mouton Road, Mr. Mitchell received a page. Mr. Mitchell then began to make a U-turn at a break in the highway located immediately north of the Johnston-Mouton intersection so that he could stop at a Jet-24 service station to check his page.
At approximately the same time, Mr. James Libersat was traveling northward in the left lane of Johnston Street. According to his wife, Ms. Judy Libersat, Mr. Libersat left his residence in Kaplan, Louisiana shortly after 7:00 p.m. to purchase an AC/Heater thermostat at Lowe's in Lafayette.
While Mr. Mitchell was making his U-turn, Mr. Libersat's 1996 Dodge Caravan struck the trailer attached to Mr. Mitchell's truck. Mr. Libersat's van collided with the trailer and then crossed the south bound lanes of Johnston Street before coming to rest in a ditch. Mr. Libersat died on the scene from injuries sustained in the accident.
After the accident, the wife and daughters of James Libersat brought wrongful death and survival actions against the Defendants, J & K Trucking, Inc., Union *175 Fire Insurance Company, and Patterson Truck Line, Inc. At trial, the jury ruled in favor of the Defendants. James Libersat's wife and daughters, Appellants, filed the instant appeal.

LAW AND ANALYSIS

ASSIGNMENTS OF ERROR
On appeal, Appellants seek reversal of the trial court's decision based on the following five assignments of error:
1. The jury's verdict that Chad Mitchell was not negligent was clearly wrong and reasonable minds could not conclude that no negligence arose from Mr. Mitchell's conduct.
A. Chad Mitchell admitted he never saw Mr. Libersat and was unaware that his trailer was blocking traffic.
B. Mr. Mitchell's decision to make a U-turn at night where there was no left turn lane is negligence under a duty-risk analysis.
2. The trial court erred in failing to instruct the jury as to the applicable law relating to the "rear-end presumption" in that the instructions failed to provide the correct principles of law, such as:
A. the exceptions to the "rear-end presumption" of negligence;
B. the duties imposed upon Mr. Mitchell as a professional driver in undertaking a U-turn;
C. the presumptions favoring Mr. Libersat: (i) clear road, (ii) trailers are classified as an unusual vehicle difficult to see at night, and (iii) deceased presumption as to a reasonable response;
D. a full explanation of the duty-risk analysis;
E. a charge of comparative fault.
3. The trial court erred in refusing to charge the jury as to Patterson's potential liability and negligence:
A. in splitting Plaintiffs' cause of action against Patterson into the various theories of negligence;
B. in refusing to charge the jury as to Patterson's possible liability.
4. The trial court abused its discretion in refusing to allow evidence of Mr. Mitchell's driving record to be presented.
5. The trial court erred in failing to admonish the jury to disregard expert testimony which violated the court's earlier ruling in limine.

The court will address each of these assignments of error in turn.

JURY'S VERDICT OF NO NEGLIGENCE
In Appellants' first assignment of error, they allege the jury's finding that Chad Mitchell's conduct was not negligent is clearly wrong. The supreme court set forth the applicable standard of review for jury decisions in Guillory v. Insurance Company of North America, 96-1084 (La.4/8/97); 692 So.2d 1029. Under Guillory, a jury's findings of fact are entitled to great deference and may not be overturned unless they are manifestly erroneous. A court of appeal may not reverse a jury's findings of fact unless (1) there is no reasonable basis for those findings, and (2) the findings are clearly wrong. Id., citing Stobart v. State, Through DOTD, 92-1328 (La.4/12/93); 617 So.2d 880; Weatherford v. Commercial Union Ins., 94-1793, 94-1927 (La.2/20/95); 650 So.2d 763.
At trial, the Defendants produced a substantial amount of evidence which indicated Mr. Mitchell was not negligent. The Defendants presented Mr. Mitchell who testified as to what actions he had taken that night. Mr. Mitchell testified that when he decided to turn around, he put on his left turn signal, looked to determine whether he could safely change lanes, and then changed lanes. Mr. Mitchell stated that he then slowed his vehicle by applying his brakes and by down-shifting, pulled into a median crossover in the highway, waited for oncoming traffic, and was then struck in the rear by Mr. Libersat.
*176 In addition, the Defendants presented the testimony of two officers that substantiated Mr. Mitchell's testimony and indicated that he was not negligent. Officer Theriot, a member of the Lafayette City Police, who witnessed the accident, testified at trial. His testimony concurred with Mr. Mitchell's testimony. Officer Theriot confirmed that Mr. Mitchell had properly signaled his turn and that he had kept his vehicle in the proper lane of traffic prior to making the turn. The investigating officer, Jimilly Albarado, testified that Mr. Mitchell's tractor-trailer and its brake and signal lights were functioning properly after the accident and that the tractor-trailer complied with all required regulations. Following his investigation, Officer Albarado concluded that, "a contributing factor to this accident is that Mr. Libersat was possibly inattentive or distracted at the time of the collision" and that Mr. Libersat "apparently did not see" Mitchell's truck "whose lights were all illuminated, and slowing to make a turn."
Our review of the record reveals that there was a reasonable basis for the jury's finding that Chad Mitchell was not negligent and that the jury's finding was not clearly wrong.

JURY INSTRUCTIONS
In their second and third assignments of error, Appellants argue that the trial court erred in failing to charge the jury concerning exceptions to the rear-end presumption, comparative fault, and Patterson's potential liability for improper hiring and training.
Article 1793(C) of the Louisiana Code of Civil Procedure provides:
C. A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
This article requires that a party must: (1) inform the court of the objection, and (2) inform the court of the reason for the objection. The record reflects that the Appellants did not inform the trial court of their objections to the jury instructions after the trial judge charged the jury. Following the jury charges, the trial judge specifically asked whether there were any objections to the jury instructions. Appellants said they had none. This conversation was recorded in the trial transcript:
The Court: The jury has left the courtroom. The record is open for any objections to the jury charges or the verdict form.
Mr. Edwards: None.
The Court: There are none ...
This Court has repeatedly held that a party waives its right to object to jury instructions on appeal if it does not object to the charges at trial. See Lee v. Automotive Cas. Ins. Co., 96-517 (La.App. 3 Cir. 11/6/96); 682 So.2d 995, writ denied, 96-2949 (La.1/31/97); 687 So.2d 409; Stroud v. Liberty Mut. Ins. Co., 429 So.2d 492 (La.App. 3 Cir.), writ denied, 437 So.2d 1147 (La.1983); Ainsworth v. Bituminous Cas. Corp., 379 So.2d 1187 (La. App. 3 Cir.), writ denied, 381 So.2d 1233 (La.1980). Furthermore, off-the-record objections are insufficient. See Smiciklas v. Groendyke Transp., Inc., 505 So.2d 775 (La.App. 2 Cir.), writ denied, 506 So.2d 1231 (La.1987).
A review of the record suggests, however, that the trial judge made statements which caused the Appellants to erroneously believe that their objections during an off-the-record charge conference were preserved for review. Immediately after the charge conference, the trial judge stated:
I'm filing in the record all requested jury instructions, so they will be preserved, if anyone wishes to appeal any of them. All objections made by counsel *177 during the charge conference are noted, and that any charge that was not included is objected to. The non-inclusion is objected to.
In light of this statement, the Court will treat Appellants' exceptions to the jury instructions as preserved. This Court recognizes that to do otherwise would cause the Appellants a substantial hardship because of their reliance on the trial judge's statement.
The second requirement of Article 1793 is that the party must inform the court of the reason for its objection. The reason for this requirement is to allow the trial court a fair opportunity to correct any error in its charge before the jury begins its deliberations. Schoonmaker v. Capital Towing Co., 512 So.2d 480 (La.App. 1 Cir.), writ denied, 514 So.2d 458 (La.1987). Appellants contend that their proposed instructions and their memoranda of record set forth in detail the reasons behind their objections. A party must state the grounds for its objection; merely making an objection without assigning reasons is insufficient to preserve his right to appeal. See Johnson v. Terrebonne Parish Sheriffs Office, 95-1180 (La.App. 1 Cir. 2/23/96); 669 So.2d 577, writ denied, 96-0727 (La.4/26/96); 672 So.2d 907. Here, when the trial judge asked Appellants' counsel whether he wished to record an argument regarding specific charges, the counselor answered no. This conversation was preserved in the trial record:
The Court: ... Do any of you have any specific charges that you wish to make a record of your argument.
Mr. Edwards: None, Your Honor.
Despite this conversation, Appellants assert that their proposed instructions and memoranda of record are sufficient to meet the requirements of Article 1793, and that their assertion of reasons outside of their memoranda would have been redundant. Appellants feel that the trial judge specifically acknowledged the reasons for their objections and preserved them for appeal when he made a statement on the record immediately after the charge conference that he would preserve all objections for appeal. Because of Appellants' reliance on the trial judge's record statement, and in the interest of justice, this court has chosen to exercise its discretion to review the Appellants' objections.
Having established the grounds for review, we turn to Appellants' specific objections to the jury instructions concerning negligence and comparative fault, the rearend presumption, and improper training and hiring. In reviewing the trial court's exclusion of the proposed jury instructions, we note that:
"An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial." This manifest error standard of review may not be ignored unless the proposed jury instructions are so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and the facts. Lee, 96-517, p. 3; 682 So.2d at 997 (citations omitted).

Negligence and Comparative Fault
Appellants argue the jury was not properly instructed as to negligence or as to comparative fault because their proposed jury instructions were excluded. "Jury instructions are adequate if they fairly and reasonably point up the issues and principles of law for the jury to apply to those issues." Lee, 682 So.2d 995, 997. The trial court is under no obligation to give any specific jury instructions that may be submitted by either party; however, it must correctly charge jury. Id. Individual instructions complained of by the plaintiff must be examined in the context of the instructions as a whole. Soileau v. State ex rel. Dept. of Transp. and Development of State of La., 97-1541 (La.App. 3 Cir. 12/09/98); 724 So.2d 834.
Here, although the trial judge did not use Appellants' suggested jury charges, he did fairly and reasonably point *178 up the issues and provide the correct principles of law regarding negligence and comparative fault. The jury instructions given by the judge are preserved in the record and reflect that the judge gave a detailed explanation of the duty-risk analysis used in determining negligence. In addition, the jury instructions, taken as a whole, provide the substance of comparative fault. At the beginning of trial, the judge gave the following instruction to the jury:
CAUSE IN FACT
The plaintiff must prove that any damage claimed was caused by the defendant[']s conduct. Similarly, if the defendant claims that the plaintiff is partially to blame for his own damages, then the defendant must prove that the plaintiff[']s damage was caused by the plaintiff[']s conduct. You must decide whether the damage was caused by the conduct of one of the parties, either the defendant or the plaintiff. If you find that the plaintiff probably would not have suffered the damages claimed except for the conduct of the defendant, then you must conclude that the defendant[']s conduct caused the damage. If you find, on the other hand, that the plaintiff probably would have suffered the damages claimed regardless of the conduct of the defendant, then you must conclude that the defendant[']s conduct did not cause the damage.
At the end of trial, the judge told the members of the jury that they would be provided with a copy of all the instructions he had given them during the trial. In addition, the judge gave the following instructions to the jury regarding negligence:
The basic law in Louisiana regarding this type of suit is Article 2315 and Article 2316 of the Louisiana Civil Code.
2315 simply says that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. The word fault is a key word in the law. It's also called negligence. And it refers to conduct that is improper or unreasonable.
Article 23:16 says that every person is responsible for the damage he occasions, not merely by his act, but by his negligence, his imprudence, or his want of skill.
Also, all persons are responsible for those under their charge. In this case, it has been agreed by the parties that Chad Mitchell was the employee at the time of the accident of Patterson Truckline, a trucking company, and that he was in the course and scope of his employment at that time. And that any negligence that might be due to him would make Patterson Truckline, his employer, liable or responsible ...
Further, the judge's instructions to the jury explained that the verdict form is a continuation of the jury instructions. The judge also directed the jury to understand the verdict form before beginning deliberations. The verdict form itself has questions asking the jury whether each party was negligent, and it presents specific questions which allow the jury to assign a percentage of fault to each driver. Accordingly, we hold that the trial judge adequately instructed the jury regarding the law of negligence and comparative fault. This being so, we find no error in the judge's failure to adopt the Appellants' instructions regarding negligence or comparative fault.

The Rear-End Presumption
Appellants contend that the trial judge erred when he refused to give jury instructions regarding exceptions to the rear-end presumption. In making charges to the jury, the trial court is not required to give the precise instructions submitted by the parties, but the trial court must give instructions which properly reflect the applicable law in view of the facts present. Cannatella v. Camp, Dresser & McKee, Inc., 574 So.2d 407 (La.App. 5 Cir.), writ *179 denied 575 So.2d 824 (La.1991) and 575 So.2d 825 (La.1991).
In the instant case, the trial judge gave a jury charge on the sudden emergency exception to the rear-end presumption as requested by the Appellants; however, the trial judge did not use the Appellants' proposed instructions concerning other points of law the Appellants considered to be additional exceptions to the rear-end presumption. The trial judge is not required to give any specific instructions that may be submitted by a party. Lee, 682 So.2d 995. Therefore, as long as the instructions adequately reflected the law, it was in the trial court's discretion whether to include Appellants' instructions regarding the rear-end presumption. Upon a review of the record, we find that the instructions given to the jury by the trial court accurately reflected the law concerning the rear-end presumption. Accordingly, we find that Appellants' argument that the trial court erred in failing to give their particular instructions without merit.

Improper Hiring and Training
Appellants also argue that the trial court erred in failing to instruct the jury regarding Patterson's duty in hiring and training Mr. Mitchell. Appellants allege that Mr. Mitchell's employer was negligent because it placed Mr. Mitchell on the road without the proper training and skill to discharge the duty owed by a professional truck driver. The Appellants assert that the trial court refused to use their instructions because the trial court equated respondeat superior to all possible theories of recovery.
After a review of the record, this Court finds that the trial court's instructions regarding Patterson's possible liability are an accurate reflection of the law. Patterson, as Mr. Mitchell's employer, would be liable for his actions under the theory of respondeat superior. If Mr. Mitchell breached a duty to the Appellants, then Patterson is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants. The trial judge has the responsibility of reducing the possibility of confusing the jury, and he may exercise the duty to decide what law is applicable. Sparacello v. Andrews, 501 So.2d 269 (La.App. 1 Cir.1986), writ denied, 502 So.2d 103 (La.1987). The court did not err in using its discretion to omit Appellants' requested jury instructions regarding negligent hiring and training because they were not appropriate in this case.

EVIDENCE OF MITCHELL'S DRIVING RECORD
In their fourth assignment of error, Appellants argue that the trial court abused its discretion in refusing to allow evidence of Mitchell's driving record to be produced at trial. Appellants allege that the trial judge's decision to exclude Mitchell's driving record did not give proper weight to the fact that:
(1) a poor driving record should be considered in the hiring and maintaining of a professional truck driver;
(2) Mitchell's prior wrecks related to the proceeding; and
(3) evidence of past wrecks was necessary for impeachment purposes.
On appeal, a trial court's admission or exclusion of evidence is subject to an abuse of discretion review. "The trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion." O'Neill v. Thibodeaux, 97-1065, p.12 (La.App. 3 Cir. 3/6/98), 709 So.2d 962, 969, writ denied, 98-0741 (La.5/1/98); 718 So.2d 416, writ denied, 98-0870 (La.5/1/98); 718 So.2d 420, citing Maddox v. Omni Drilling Corp., 96-1673 (La.App. 3 Cir. 8/6/97); 698 So.2d 1022, writ denied, 97-2766 (La.1/30/98); 709 So.2d 706.
At trial, the Appellants sought to introduce evidence of Mr. Mitchell's driving record, including evidence that Mr. Mitchell *180 was in an automobile accident one month before the accident at issue in this suit. After considering its admissibility in camera, the trial judge determined that evidence of Mr. Mitchell's driving record was irrelevant and unduly prejudicial. For this reason, the trial court excluded the evidence.
The applicable law, Louisiana Civil Code Procedure Article 1636(A), provides:
When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.
Article 1636(A) has been interpreted to preclude a party from raising the exclusion of evidence as an error on appeal unless the party proffered the excluded evidence or made an offer of proof at trial. Fontenot v. Fontenot, 621 So.2d 843 (La.App. 3 Cir.1993), rev'd on other grounds, 93-2479 (La.4/11/94); 635 So.2d 219; Broussard v. Olin Corp., 546 So.2d 1301 (La.App. 3 Cir. 1989); Joseph v. Mid-American Indem. Co., 532 So.2d 347 (La.App. 3 Cir.1988). Because the Appellants did not proffer evidence of Mr. Mitchell's driving record, they cannot assert the trial court's exclusion of this evidence as an error on appeal.

FAILURE TO ADMONISH THE JURY
In Appellants' final assignment of error, they assert that the trial court erred in failing to admonish the jury to disregard expert testimony which violated the court's earlier ruling in limine.
After considering the Appellants' Motion in Limine to exclude the Defendants' expert, Dr. Don Ivey, the court denied the motion. Instead the court ordered that at trial, no expert would be allowed to testify regarding whether any actions of the parties were legal, reasonable, or in violation of any local, state, or federal law. The court reasoned that these matters were exclusively within the province of the trier of fact.
At trial, despite the court's earlier ruling, the Defendants' expert, Don Ivey, used the word "reasonable" in describing the expectations of drivers presented with crossovers or gaps in the median of the highway, and in describing what he considered to be a prudent, slow turn into such a median gap or crossover. Appellants objected to Mr. Ivey's use of the word reasonable, and the trial judge sustained their objections.
Appellants did not ask the judge to admonish the jury to disregard this testimony; however, Appellants now assert that the trial court committed manifest error in failing to admonish the jury to disregard this testimony. Although admonishment may have been appropriate in this instance, we know of no requirement that the trial judge admonish the jury absent a request by counsel. See State v. McPherson, 98-1207 (La.App. 5 Cir. 3/30/99); 733 So.2d 634.[1] Accordingly, we find no error in the trial court's failure to admonish the jury as counsel made no request for such admonishment.

DECREE
Considering the foregoing discussion, we find that the trial court did not err in finding in favor of the Defendants, J & K Trucking, Inc., National Union Fire Insurance, and Patterson Truck Line, Inc. All costs of appeal are assigned to the Appellants.
AFFIRMED.
AMY, J., concurs.
NOTES
[1] Appellants' argument assumes that admonishment, which is provided for in Louisiana Code of Criminal Procedure Article 771, may be used in civil trials. Because Appellants did not properly preserve their assignment of error, we will refrain from reviewing the issue on its merits.