JjPICKETT, J.
FACTS
L.B. was born on April 2, 1999. She was removed from her mother’s custody on April 8, 1999, when the district court issued an order in the Child in Need of Care proceeding. A hearing was held on April 20, 1999, at which custody was continued with the state. The district court adjudicated L.B. a child in need of care on July 8, 1999. The father has executed an act of surrender.
On February 4, 2000, the state filed a petition to terminate parental rights. The trial in the district court was held on January 16, 2001. The trial court issued a judgment denying the state’s petition for termination on December 7, 2001.
*436 The state appeals the judgment of the trial court.
DISCUSSION
The state assigns as error the following:
1. The trial court erred in not terminating the parental rights of the mother based on the evidence presented.
2. The trial court erred in excluding the testimony adduced as a proffer as hearsay.
There is no question that G.B.B. is an ill woman. She has been diagnosed with schizo-affective disorder and bipolar disorder. She is taking at least four medications to help control her illness. Although she has a history of non-compliance as it pertains to taking her medications, her current treating physician testified that she has been compliant for the last six months. G.B.B. has been a difficult client with whom to work. She has cursed the case worker, has been escorted from the building by police, and has refused to answer questions put to her by her case worker.
In August 1999, four months after L.B. was born and removed from her ^mother’s custody, the state decided to change the goal in this case from placement with a relative to adoption. L.B. has a cleft palate, asthma, and a hearing problem. None of G.B.B.’s relatives who were contacted by OCS were willing to care for L.B. Reunification of G.B.B. and L.B. was never considered a goal.
The supreme court discussed the standard for evaluating an appeal for termination of parental rights in State ex rel. SNW v. Mitchell, 01-2128, p. 10 (La.11/28/01); 800 So.2d 809, 816.
Seven statutory grounds for involuntary termination of parental rights are set forth in La. Ch.C. art. 1015. Only one ground need be established; however, the trial judge must also find that termination is in the child’s best interest. La. Ch.C. arts. 1015, 1039; State in the Interest of ML and PL, 95-0045 at p. 4 (La.9/5/95), 660 So.2d 830, 832. Given the draconian nature of an involuntary termination proceeding, the state is required to prove the statutory ground on which it relies by clear and convincing evidence. La. Ch.C. art. 1035(A); Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)(hold-ing clear and convincing to be minimum standard of proof in termination cases). A trial judge’s findings on factually-intense termination issues are governed by the manifest error standard of review. State in the Interest of S.M.W., [C.D.W., C.N.W. and E.S.W.] 00-3277 at p. 14, 781 So.2d [1223] at 1233.
In the instant case, the trial court found the state had not proven any of the factors in La.Ch.Code art. 1015 by clear and convincing evidence. We will not disturb that finding on appeal unless we find manifest error.
In its reasons for judgment, the trial court specifically stated that the state failed to prove that grounds for termination existed under any provision of La. Ch.Code art. 1015, specifically subsections 3(j) and (5). The state’s petition declared that “[t]he parental rights of the respondent mother should be terminated pursuant to Louisiana Children’s Code, Article 1015(3)(j), and other applicable provisions.” In addition to those subsections specifically mentioned by the trial court and the state, the only other provision which could be applicable to this case is subsection 3(k). La.Ch.Code art. 1015(3)(k) provides:
|3The parent’s parental rights to one or more of the child’s siblings have been terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful.
*437 G.B.B. has four children. Two were placed in the care of the maternal grandmother. G.B.B.’s parental rights to her third child, M.B., have been terminated. L.B. is the fourth child. For subsection 3(k) to apply, the state must prove that G.B.B.’s parental rights to M.B. were terminated “due to neglect or abuse.” The record in M.B.’s case was introduced at the trial on this matter. G.B.B.’s parental rights were terminated in that case because she suffered from a mental illness which made her incapable of earing for M.B., and there was no reasonable expectation of rehabilitation. Since L.B.’s birth, G.B.B. has made efforts to rehabilitate herself by taking her medication. She has consistently attended visits with her daughter. The state made no showing that she neglected or abused M.B. We find that termination under subsection 3(k) was not shown by clear and convincing evidence.
La.Ch.Code art. 1015(3)(j) provides:
Abuse or neglect after the child is returned to the parent’s care and custody while under department supervision, when the child had previously been removed for his safety from the parent pursuant to a disposition judgment in a child in need of care proceeding.
Ás L.B. has never been returned to G.B.B.’s custody since she was removed 5 days after her birth, this subsection is inapplicable.
La.Ch.Code art. 1015(5) provides:
Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable, and permanent home.
14L.B. was removed from her mother’s care on April 8, 1999. The petition in the instant suit was filed on February 4, 2000. As a year had not elapsed between removal and the filing of the petition and leave of court to file a petition earlier was not given, this section was not available to the state in this matter. Also, the state never submitted a case plan with the goal of reunification for G.B.B. to follow. G.B.B. did comply with the case plan which was decided on, even though the goal was relative placement and later termination. Thus, we will affirm the judgment of the trial court.
Further, on the issue of reunification, we note La.Ch.Code art. 672.1, which provides:
A. At any time in a child in need of care proceeding when a child is in the custody of the department, the department may file a motion for a judicial determination that efforts to reunify the parent and child are not required.
B. The department shall have the burden of demonstrating by clear and convincing evidence that reunification efforts are not required, considering the health and safety of the child and the child’s need for permanency.
C. Efforts to reunify the parent and child are not required if a court of competent jurisdiction has determined that:
(1) The parent has subjected the child to egregious conduct or conditions, including but not limited to any of the grounds for certification for adoption pursuant to Article 1015.
(2) The parent has committed murder or manslaughter of another child *438 of the parent or has aided or abetted, attempted, conspired, or solicited to commit such a murder or manslaughter.
(3) The parent has committed a felony that results in serious bodily injury to the child or another child of the parent.
(4) The parental rights of the parent to a sibling have been terminated involuntarily.
|5P. If the court determines that reunification efforts are not required, it shall document that determination by written findings of fact. A permanency hearing may be conducted immediately and shall be conducted within thirty days after the determination.
As we have noted, the state never had as its goal in this matter the reunification of G.B.B. and L.B. The record lacks evidence of a hearing before a court or written findings of fact that efforts to reunify were not required. While subsection C(4) may be applicable in this case, the state still bears the burden of filing a motion in a court of competent jurisdiction and proving by clear and convincing evidence that efforts at reunification are not necessary.
The second assignment of error concerns the exclusion of certain testimony. The admission or exclusion of evidence by the trial court should not be disturbed on appeal absent a showing of an abuse of discretion. Libersat v. J & K Trucking, Inc., 00-192 (La.App. 3 Cir. 10/12/00); 772 So.2d 173. The trial court found that the evidence was inadmissible hearsay. The state argues that the testimony of Nancy Bordelon, regarding instructions she received from medical personnel about the care of L.B., was offered only to show G.B.B ,’s response to the instructions. We find no abuse of discretion in the trial court’s ruling. This assignment of error lacks merit.
The judgment of the trial court dismissing the state’s Petition for Termination of Parental Rights is affirmed.
AFFIRMED.