# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-339


SPENCER PERRO AND CARLETTA PERRO

VERSUS

RAFAEL A. ALVARADO, ET AL.

**********

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT, DOCKET NUMBER 88731-H,
THE HONORABLE LORI LANDRY, JUDGE, PRESIDING

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of, Billy H. Ezell, Shannon J. Gremillion, and Phyllis M. Keaty,
Judges.


**WRIT GRANTED IN PART AND MADE
PEREMPTORY. WRIT DENIED IN PART.**

**Jerome H. Moroux**
**Scott M. Richard**
**Attorneys at Law**
**557 Jefferson Street**
**P.O. Box 3524**
**Lafayette, LA 70502-3524**
**(337) 233-2323**
**ATTORNEYS FOR RELATORS:**
    **Spencer Perro**
    **Carletta Perro**

**Stanton E. Shuler, Jr.**
**Kelsey L. Haddow**
**Leake & Anderson, L.L.P.**
**1100 Poydras Street, Suite 1700**
**New Orleans, LA 70163**
**(504) 585-7500**
**ATTORNEYS FOR RESPONDENTS:**
    **Rafael A. Alvarado**
    **LASUCA Farm, LLC**
    **Penn Millers Insurance Company**
    **Chubb Insurance Company**

**GREMILLION, Judge.**

Relators, Spencer and Carletta Perro, seek supervisory writs from this court for review of the trial court's order maintaining an exception of no cause of action in favor of LASUCA Farm, LLC (LASUCA). For the reasons that follow, we grant the Perros' writ in part, make that grant peremptory, and deny it in part.

## FACTS AND PROCEDURAL POSTURE

This matter arises from a November 18, 2018 vehicular accident in which the Perros allege that they struck the drive shaft that had fallen into the roadway of Interstate 49 in Avoyelles Parish from the truck owned by LASUCA and driven by its employee, Rafael Alvarado. The Perros sued Alvarado, LASUCA, Penn Millers Insurance Company, and Chubb Insurance Company. The petition alleged that LASUCA was vicariously liable for Alvarado's negligence and was also negligent itself for negligent hiring and improperly training Alvarado.

LASUCA filed an exception of no cause of action in which it argued that because it stipulated that Alvarado was acting in the course and scope of his employment, the Perros could not maintain a separate cause of action against it for negligent hiring and training of him. The Perros amended their petition to allege LASUCA's fault for negligent hiring and improper training of the unknown employees of LASUCA responsible for maintenance of the truck from which the drive shaft fell, not employing adequate safety check procedures, improper maintenance of the vehicle, and for allowing the operation of an unroadworthy vehicle.

The trial court heard the exception in a teleconference and ruled that:

> [T]he jurisprudence has consistently, and the *Pigott v. Heath* [___ F.Supp.3d ___ (E.D.La. 2020)] court has explicitly denied direct negligence claims against an employer who admits to course and scope. The courts have opined that if the employee is found negligent, the employer is automatically liable under respondeat superior; whereas, ir

the employee is not found negligent, no amount of negligence in the hiring, training, supervising, or maintaining would render the employer liable.

The Perros then sought supervisory writs seeking to reverse the trial court's ruling.

## ANALYSIS

"The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition." *Fink v. Bryant*, 01-987, p. 3 (La. 11/28/01), 801 So.2d 346, 348. "The exception is triable on the face of the papers, and . . . the court must presume that all well-pleaded facts in the petition are true" with "[a]ll reasonable inferences [ ] made in favor of the nonmoving party[.]" *City of New Orleans v. Bd. of Dirs. of La. State Museum,* 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."[1] La.Code Civ.P. art. 931 (footnote added).

Because exceptions of no cause of action raise questions of law, they are reviewed de novo by appellate courts. *GR Restaurants, LLC v. Suzanne Savoy Santillo, LLC*, 18-637 (La.App. 3 Cir. 6/12/19), 275 So.3d 50.

*LASUCA's exception regarding the acts of Alvarado*

In *Libersat v. J & K Trucking, Inc.*, 00-192 (La.App. 3 Cir. 10/11/00), 772 So.2d 173, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598, a panel of this court upheld the trial court's refusal to instruct a jury on aspects of negligent hiring and training of a truck driver who was struck from behind by the plaintiff as the truck driver sat in the highway median waiting to execute a U-turn. "If [the truck driver] did not breach a duty to the Appellants then no degree of negligence on the part of [the trucking company] in hiring [him] would make [the trucking company] liable

---

[1] LASUCA attached a judgment from a case in the Nineteenth Judicial District Court as an exhibit to its exception; however, it is not evidence.

2

to the Appellants." *Id.* at 179. This holding presents inescapable logic. Absent negligence on the part of Alvarado in the present accident, LASUCA cannot be held liable for Alvarado's actions under a theory of negligent hiring, training, or supervision.

Several recent federal cases, employing the doctrine of *Erie Railroad. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938), have attempted to surmise the manner in which Louisiana courts would resolve this issue, given that the Louisiana Supreme Court has issued no pronouncement and there is no statutory provision directly governing the situation.[2] Among these cases is the aforementioned *Pigott v. Heath,* ___ F.Supp.3d ___ (E.D.La. 2020), in which the plaintiffs sued a trucking company under a theory of Master-Servant liability pursuant to La.Civ.Code art. 2320 and claims of independent negligence for hiring, training, and supervising the driver and entrusting her with a dangerous vehicle. The trucking company stipulated that the driver was acting within the course and scope of her employment and sought dismissal of the independent negligence claims. The federal district court cited a plethora of other federal cases holding that "when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer." *Id.* at 3. The court noted that all of those cases relied upon *Libersat* to surmise how Louisiana law would resolve the issue.

In addition to the federal district courts, our colleagues on the first and fifth circuits have extended *Libersat* to grant summary judgment in favor of defendant/employers seeking to dismiss theories of negligent training, supervision, and entrustment when the defendant/employer has stipulated to the employee having

_____

[2] The holdings of federal courts represent persuasive authority. *Hinchee v. Long Bell Petroleum Co.*, 235 La. 185, 103 So.2d 84 (La.1958).

been in course and scope. *See Wheeler v. United States Fire Ins. Co.*, 18-1422 (La.App. 1 Cir. 6/13/19) (unreported decision) and *Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 19-337 (La.App. 5 Cir. 12/20/19), 289 So.3d 177, *writ denied*, 20-188 (La. 5/1/20), 295 So.3d 945. Those matters both involved vehicle collisions.

*LASUCA's exception regarding the allegations of improper maintenance of the truck*

Paragraph II of the Perros' "First Supplemental and Amending Petition for Damages" amended paragraph 10 of their original petition. Paragraph 10 alleged LASUCA's fault in a number of particulars. As amended, paragraph 10 alleged fault on LASUCA's part, including inappropriate training of drivers and personnel performing maintenance, repair, and servicing of its vehicles, and "[f]ailing to properly maintain, repair, and service its vehicles."

In addition to *Libersat*, the *Pigott* court relied on *Dennis v. Collins*, (unpublished)(W.D.La.2016), 2016 WL 6637973, which seems to have been the seminal federal district court case to address this issue. Every case cited by *Pigott*, from *Dennis* until the present, and the *Wheeler* case from the first circuit and the *Landry* case from the fifth circuit, involved direct collisions between the plaintiff vehicle and the defendant vehicle.

LASUCA argues that the district court in *Wright v. Nat'l Interstate Ins. Co.*, (unpublished)(E.D.La.2017) granted partial summary judgment in favor of the defendant employer that had stipulated to its driver having acted within course and scope even as to allegations of improper maintenance. While that is correct, we are still convinced that the present matter stands quite distinct from *Wright*, *Dennis*, *Pigott* and every case cited in *Pigott*, because in none of those cases did the alleged facts—which must be taken as true in an exception of no cause of action—assert improper maintenance. *Wright* also involved a motion for partial summary judgment; the standards applied to exceptions of no cause of action differ

4

dramatically from those applied to motions for summary judgment. The question before us is whether, under the facts alleged, which are taken as true, the law affords a remedy to the plaintiffs. We hold that they do.

Every case heretofore involved direct collisions between the defendant vehicles and the plaintiff vehicles. In the present matter, the alleged cause of the accident was the dropped driveshaft of the truck.

The law imposes a statutory obligation upon drivers and owners of vehicles to prevent their use "in such unsafe condition as to endanger any person or property[.]" La.R.S. 32:53(A)(1). We further note that La.Civ.Code art. 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

In *King v. Louviere*, 543 So.2d 1327 (La.1989), the Louisiana Supreme Court held that La.R.S. 32:53 represents a clear expression of legislative intent to hold the owner of a vehicle primarily responsible for a motor vehicle's care and maintenance. In *Fontenot v. Safeway Ins. Co. of La.*, 17-780 (La.App. 3 Cir. 6/13/18), 249 So.3d 900, *writ denied*, 18-1223 (La. 10/29/18), 254 So.3d 1214, a panel of this court recognized the continued validity of this legislative expression in holding that a plaintiff's proof of the existence of an accident-causing defect, a broken tie rod, shifted the burden to the vehicle's owner to prove that the defect was one she was not aware of and did not result from lack of proper maintenance.

The Perros are allowed to attempt to establish liability of LASUCA under the alleged facts of this case. The Perros' amendment to paragraph 10 to allege that

5

LASUCA and its employees failed to properly maintain, repair, and service its vehicle states a cause of action against LASUCA in the context of this accident, allegedly caused by the drive shaft of a truck falling into the roadway. As to allegations that LASUCA failed to properly train and supervise its maintenance and repair personnel, we note that LASUCA has not stipulated that those employees, if any, were acting in the course and scope of their employment. The *Libersat* line of cases does not apply absent a stipulation to course and scope.

We find that the trial court erred in granting an exception of no cause of action, dismissing the claims of Spencer Perro and Carletta Perro against the LASUCA Farm, LLC for its alleged negligent hiring, training, and supervising employees, other than Rafael A. Alvarado, who failed to repair, maintain, and inspect the truck involved in the accident.

We find no error in the trial court's ruling insofar as it dismissed the Perros' claims of independent negligence against LASUCA for the negligent hiring, training, or supervision of Alvarado. Accordingly, in that respect, this writ application is denied.

**WRIT GRANTED IN PART AND MADE PEREMPTORY. WRIT DENIED IN PART.**

6