Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,009-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

REGINALD MARTIN                           Plaintiff-Appellant

versus

RODNEY THOMAS, GREER                      Defendants-Appellees
LOGGING, LLC and NATIONAL
LIABILITY AND FIRE
INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 599,802

Honorable Craig O. Marcotte, Judge

* * * * *

SARTIN LAW FIRM, LLC                      Counsel for Appellant
By:  J. Cole Sartin

CASTEN & PEARCE, APLC                     Counsel for Appellees
By:  D. Brennan Hussey

* * * * *

Before PITMAN, STONE, and THOMPSON, JJ.

**PITMAN, J.**

Plaintiff-Appellant Reginald Martin appeals the granting of a motion for partial summary judgment filed by Defendants-Appellees, Rodney Thomas, Greer Logging, LLC ("Greer Logging"), and National Liability and Fire Insurance Company ("National"), which dismissed Plaintiff's claims of independent negligence against Greer Logging. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On December 17, 2016, Plaintiff was driving his Honda Accord on South Pardue Street in Vivian, Louisiana, when he was involved in an accident with a logging truck driven by Thomas and owned by Greer Logging. Thomas was an employee of Greer Logging, which is insured by National. The accident occurred at 8:30 p.m., when the road was wet and it was already dark. Thomas was backing the tractor trailer across South Pardue Street in an attempt to park it in his driveway. He was driving the tractor trailer to his home with the permission of his employer, Greer Logging, although he was off work at the time of the accident and was not carrying a load in the trailer.

Plaintiff sustained serious injuries in the accident, including multiple broken ribs, a fractured sternum, an open fracture of the tibial plateau, fracture of the left patella and open wounds of the left leg, knee and ankle. In April 2017, he filed suit against Defendants, alleging general negligence against Thomas as an employee of Greer Logging and imputing fault to Greer Logging. Defendants answered and admitted that Thomas was Greer Logging's employee and was acting in the course and scope of his employment at the time of the accident.

In July 2020, Plaintiff filed a motion to supplement and amend his petition for damages by adding two paragraphs alleging Greer Logging's independent negligence. He claimed that this amendment related back to the original petition filed in 2017.

The first paragraph alleged that Greer Logging was negligent for its failure to do a thorough background check on Thomas; to check employment and personal references; to check employment history and attempt to speak with former supervisors; to check driving records and history prior to hiring him; to establish and enforce proper employee screening; in hiring him despite his incompetent driving record; to train him about proper driving; to train him regarding backing the tractor trailer; to train him regarding the proper use of spotters; to train him how to be attentive and do what he should have done or see what he should have seen in order to avoid the accident; to supervise him; for negligent entrustment of the vehicle despite the knowledge that he was an incompetent driver; and for negligent entrustment of the vehicle to him despite actual or constructive knowledge that he would drive the tractor trailer in a negligent, reckless or careless manner, while knowing that he was likely to use the vehicle in a manner involving an unreasonable risk of physical harm to other drivers.

The second paragraph in the amended petition alleged that:

> Defendant GREER LOGGING, LLC owed a duty to formulate, institute and implement hiring, supervision, training and retention procedures which could have and should have prevented the acts and omissions complained of herein above. The scope of these duties encompassed the risk of the particular harm sustained by Plaintiff. The breach of these duties by GREER LOGGING, LLC caused Plaintiff's harms, which resulted in damages as set forth in the Original Petition for Damages. This negligence was jointly a cause of Plaintiff's injuries and resulting damages.

Because Defendants had already admitted in their answer to the petition that Thomas was acting in the course and scope of his employment and was driving the tractor trailer owned by Greer Logging, his employer, at the time of the accident, they filed a motion for partial summary judgment seeking dismissal of the claims against them as alleged in the amended petition filed in 2020.

A hearing was held on October 5, 2020, and the trial court granted the motion for partial summary judgment and dismissed with prejudice Plaintiff's claims alleged in the amended petition. The claims and causes of action against Defendants from the original petition were reserved. The trial court decreed the judgment to constitute a final judgment pursuant to La. C.C.P. art. 1915(B) and certified it for immediate appeal.

Plaintiff filed this devolutive appeal seeking review of the granting of the motion for partial summary judgment.

**DISCUSSION**

Plaintiff argues that the trial court erred in granting the motion for partial summary judgment and dismissing his claims against Greer Logging for its independent negligence because he has the right to present evidence of the fault of all parties at trial. He cites La. C.C. art. 2323, which states that the fault of "all persons" causing or contributing to the plaintiff's loss "shall" be determined. Plaintiff argues that it is mandatory that the percentage of fault be determined of all persons contributing to an injury, whether those persons are unidentified nonparties, statutorily immune employers or others.

Plaintiff also argues that the law allows him to assert any cause of action against these Defendants who have caused him harm, citing La. C.C.

3

art. 2315(A). He asserts that Louisiana law recognizes negligent hiring, supervision and training as "stand-alone" claims of negligence, separate and apart from the theory of an employer's vicarious liability.

Plaintiff further argues that Defendants have failed to provide a "binding stipulation" of vicarious liability for the employee. He contends that Defendants' answer denied his allegations of the facts of the case and indicated that his negligence would be a bar to his recovery if he is found to be 25 percent or more at fault in the accident. For these reasons, Plaintiff argues that he is entitled to pursue any claims of fault against Greer Logging.

Plaintiff asserts that public policy would be furthered by allowing the jury's assessment of Greer Logging's independent fault. The purpose of tort law includes deterrence of undesirable conduct and to make the victim whole; and if Plaintiff is allowed to assert independent causes of action against Greer Logging, future wrongdoing by employers with regard to negligent hiring would be curtailed.

Defendants assert that the trial court correctly granted the motion for partial summary judgment and dismissed the individual claims against Greer Logging while maintaining the remainder of Plaintiff's suit against them. They argue that an employer is answerable for the damage occasioned by its employee in the exercise of the functions in which the worker is employed. An employer's vicarious liability extends only to the employee's tortious conduct that is within the course and scope of that employment.

Defendants also argue that they admitted in their answer that Thomas was in the course and scope of his employment with Greer Logging at the time of the accident, and the answer to the petition in which this fact is

admitted constitutes a judicial confession under La. C.C. art. 1853. Defendants contend that their answers, while denying liability for the accident, have the effect of dispensing with any evidence pertaining to course and scope issues and result in the withdrawal of any dispute regarding Greer Logging's vicarious liability for the remainder of the case.

Defendants further argue that as a result of this judicial confession, there is no disputed issue of material fact that at the time of the accident, Thomas was Greer Logging's employee; and his fault, if found, will be attributable to Greer Logging. They also point out that as a result of this judicial confession, Plaintiff will not have to prove any independent liability of Greer Logging because it will already be deemed vicariously liable if Plaintiff proves his damages were Thomas's fault. They contend that Plaintiff cannot simultaneously maintain a claim for vicarious liability and an independent claim for damages since a direct negligence claim against an employer is subsumed in a direct negligence claim against an employee when the course and scope are admitted. The rationale is that if Thomas is found to be at fault, Greer Logging will be vicariously liable for his negligence; however, if Thomas is not found to be at fault, then Greer Logging cannot be found to be at fault because he was working for them and they have no liability to Plaintiff for any of the alleged acts of independent negligence.

*Motion for Partial Summary Judgment*

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Saldana v. Larue Trucking, LLC*, 52,589 (La. App. 2 Cir. 4/10/19), 268 So. 3d 430, *writ denied*, 19-00994 (La. 10/1/19), 280 So. 3d

5

159, *citing Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). An appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *McDonald v. PNK (Bossier City), LLC*, 53,561 (La. App. 2 Cir. 9/23/20), 304 So. 3d 143, *writ denied*, 20-01416 (La. 2/9/21), 310 So. 3d 179.

La. C.C.P. art. 966(D)(1) states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The issue presented in this case is one of law, not fact, and is whether Plaintiff can assert allegations of individual negligence against Greer Logging once it has admitted that its employee was in the course and scope of its employment at the time of the accident. Greer Logging would not have the burden of proof at trial on the issue before the court on the motion for partial summary judgment; therefore, it only has to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action.

6

*Defendants' Answer as Judicial Confession*

Plaintiff has argued that Defendants failed to stipulate to their vicarious liability for the employee, Thomas. Paragraph 19 of the original petition alleges both his employee status and that he was in the course and scope of his employment at the time of the accident. Defendants' answer to Paragraph 19 admits those allegations. Plaintiff also argued that in the answer to the amended petition, Defendants denied the allegations of independent fault and also asserted defenses to the action, including asserting that Plaintiff may have been intoxicated at the time of the accident.

A judicial confession is a declaration made by a party in a judicial proceeding. La. C.C. art. 1853. That confession constitutes full proof against the party who made it. A judicial admission or confession is a party's express acknowledgment of the correctness of the fact or the act charged against him by his adversary. *Collins v. Hill*, 52,457 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1202. Such a confession is designed to dispense with evidence and has the effect of withdrawing the subject matter of the confession from issue. *Id*. A declaration made by a party's attorney or mandatary has the same effect as one made by the party himself. *Id*.

An admission by a party in a pleading also constitutes a judicial confession and is full proof against the party making it. *C.T. Traina Inc. v. Sunshine Plaza, Inc.*, 03-1003 (La. 12/3/03), 861 So. 2d 156; *Coleman v. Querbes Co. No. 1*, 51,159 (La. App. 2 Cir. 2/15/17), 218 So. 3d 665.

Defendants' answer constitutes a judicial admission of Thomas's status as Greer Logging's employee and an admission that he was in the course and scope of his employment, thus making Greer Logging vicariously liable for his fault in the accident.

7

Although the issue in this case has not previously been addressed by this court, it has been addressed by other circuit courts in Louisiana when raised by appellants through other procedural devices.

In *Libersat v. J & K Trucking, Inc.*, 00-00192 (La. App. 3 Cir. 10/11/00), 772 So. 2d 173, *writ denied*, 01-0458 (La. 4/12/01), 789 So. 2d 598, appellants argued that the trial court erred in failing to instruct the jury regarding the employer's duty in hiring and training the employee driver. The appellants alleged that the employer was negligent because it placed the employee on the road without the proper training and skill to discharge the duty owed by a professional truck driver. They asserted that the trial court refused to use their instructions because the trial court equated *respondeat superior* to all possible theories of recovery. The court found that the trial court's instructions regarding the employer's possible liability were an accurate reflection of the law. As the employer, it would be liable for the employee's actions under the theory of *respondeat superior.* If the employee breached a duty to the appellants, then the employer would be liable under the theory of *respondeat superior.* If the employee did not breach a duty to the appellants, then no degree of negligence on the part of the employer in hiring would make the employer liable to the appellants.

In *Landry v. Nat'l Union Fire Ins. Co. of Pittsburg*, 19-337 (La. App. 5 Cir. 12/30/19), 289 So. 3d 177, *writ denied sub nom. Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 20-00188 (La. 5/1/20), 295 So. 3d 945, the appellant contended that the trial court erred in concluding that she could not maintain causes of action against the employer for negligent

hiring, training, supervision and entrustment and claimed that under La. C.C. art. 2323, the jury should consider the fault of all parties, including the employer. The court determined that because the employer had stipulated that the employee was in the course and scope of his employment at the time of the accident, the allegations of individual liability against the employer were properly dismissed when the motion for partial summary judgment was granted.

In *Elee v. White*, 19-1633 (La. App. 1 Cir. 7/24/20), __So. 3d __, *writ denied*, 20-01048 (La. 11/10/20), 303 So. 3d 1038, the trial court granted a motion for partial summary judgment and dismissed the plaintiff's claims of individual liability of the employer. The plaintiff filed an appeal from the judgment, but because the trial court had not certified the judgment as a final and appealable judgment, the court of appeal converted the appeal to a writ application. It found that the summary dismissal of Elee's direct negligence claim would not impinge on the fact finder's role to determine facts and assess fault. The court opined that Elee's direct negligence claim against the employer was essentially subsumed in the direct negligence claim against the employee, and an employee driver's negligence may include his employer's negligence for lapses in hiring, training and supervision. Thus, the writ was denied and the judgment was affirmed.

Greer Logging has judicially admitted that Thomas was its employee and was in the course and scope of his employment when the accident occurred. If Thomas is found to be negligent and at fault in the accident, Greer Logging's alleged negligence in Thomas's hiring, training and supervision will be subsumed by Thomas's negligence and fault, and the employer will be held vicariously liable for the employee's fault. Contrarily,

9

should Thomas not be found negligent and at fault in the accident, then no amount of negligence on Greer Logging's part for those acts could be the cause-in-fact or legal cause of the accident that occurred.

For the foregoing reasons, this assignment of error is without merit.

## CONCLUSION

After a *de novo* review of the record and for the foregoing reasons, we affirm the trial court's judgment granting the motion for partial summary judgment and dismissing Plaintiff-Appellant Reginald Martin's claims of independent negligence and fault of Defendant-Appellee Greer Logging, LLC, found in the amended petition. Greer Logging, LLC, remains vicariously liable for the fault of its employee, Rodney Thomas, if any is found. Costs of appeal are assessed to Plaintiff-Appellant Reginald Martin.

**AFFIRMED.**

10