GAIDRY, J.
 

 |2The plaintiff, Evelyn C. Jackson, sued the defendants, Florene A. Brumfield and her homeowner’s liability insurer, The Hartford, claiming that she was injured at a garage sale held at Mrs. Brumfield’s home when an exercise machine collapsed as she was testing it. The defendants moved for summary judgment, filing affidavits executed by Mrs. Brumfield and her daughter, Jan Johnson, attesting to the facts that the garage sale was held by Ms. Johnson at Mrs. Brumfield’s home, that Ms. Johnson owned the exercise machine for sale, and that Mrs. Brumfield was not involved in and did not participate in the garage sale in any capacity. In opposition, plaintiff filed an affidavit in which she alleged that Mrs. Brumfield “was aware that a garage sale was being held at [her] home or should have been aware that a garage sale was being held at her home.” The 19th Judicial District Court granted the motion and dismissed plaintiffs suit with prejudice. Plaintiff appeals. We affirm.
 

 The mover has the burden of proof that he is entitled to summary judgment.
 
 See
 
 La. C.C.P. art. 966(C)(2). If the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent’s claim, action, or defense. La. C.C.P. art. 966(C)(2). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). If the mover has put forth supporting proof through affidavits or otherwise, the adverse party may not rest on the mere allegations or denials of his Lpleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B).
 

 Plaintiff contends that a genuine issue of material fact exists as to Mrs. Brumfield’s liability under the theory of strict liability of La. C.C. arts. 2317 and 2317.1 as the owner of property having an unreasonably dangerous condition or defect. Plaintiff is in error regarding that legal theory of recovery. The 1996 amendment enacting La. C.C. art. 2317.1, effective April 16, 1996, abolished the concept of strict liability governed by prior interpretation of La. C.C. art. 2317. A more appropriate term now for liability under La. C.C. arts. 2317 and 2317.1 might be “custodial liability,” but such liability is nevertheless predicated upon a finding of negligence.
 
 Rogers v. City of Baton Rouge,
 
 04-1001, pp. 4-5 (La.App. 1st Cir.6/29/05), 916 So.2d 1099, 1102,
 
 writ denied,
 
 05-2022 (La.2/3/06), 922 So.2d 1187.
 

 Plaintiff thus bore the burden of proof of Mrs. Brumfield’s negligence. Two essential elements of such proof, under the duty-risk analysis of delictual liability, are the existence of a legal duty of the alleged tortfeasor toward the injured person and the breach of such duty by the alleged tortfeasor. There was no factual showing or suggestion that Mrs. Brumfield participated in, supervised, monitored, assisted, or benefitted from the garage sale, or that she was even present during the time plaintiff was there. There was likewise no factual basis shown for any conclusion that Mrs. Brumfield knew or should have known of any alleged defective condition of the exercise machine. Mrs. Brum-
 
 *1244
 
 field’s mere status as owner of the immovable property upon which the garage sale was conducted, without more, is insufficient to impose a duty upon her toward plaintiff regarding the exercise machine owned by her daughter. And such status, without more, is too tenuous a basis for imposition of liability relating to the Jjcondition of a movable that she did not own or otherwise exercise any control over.
 

 The trial court was correct in concluding that there was no genuine issue of material fact presented regarding Mrs. Brumfield’s alleged liability, and that she could not be found liable as a matter of law under the undisputed facts presented. Accordingly, we affirm the judgment. All costs of this appeal are assessed to the plaintiff, Evelyn C. Jackson.
 

 AFFIRMED.