HOLDRIDGE, J.
| gPlaintiff-appellant, Anita Melancon (the plaintiff), appeals a summary judgment granted in favor of defendant-appellee, Aspen Specialty Insurance Company (the defendant), that dismissed the plaintiffs claims with prejudice. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On July 18, 2012, the plaintiff was walking on the sidewalk at Perkins Rowe in Baton Rouge, Louisiana, when she tripped, causing her to fall and sustain injuries. At the time of the incident, the sidewalk passed over a driveway ramp that cut into the concrete on which the walkway sat to produce a curb of varying height along the length of the ramp. The marked sidewalk remained level as it crossed the ramp, but pedestrians walking outside the marked sidewalk were obliged to step down onto the ramp and then step up onto the sidewalk in order to traverse the driveway. The plaintiff tripped as she stepped from the ramp back up to the sidewalk.
On July 22, 2013, the plaintiff filed a petition for damages against Perkins Rowe *928 Associates, LLC (Perkins Rowe), and the defendant, its insurer, in connection with the tripping incident.[1] The defendant filed a motion for summary judgment on June 9, 2015.
The defendant’s memorandum in support of its motion for summary judgment asserted that the sidewalk curb presented an open and obvious risk for pedestrians; therefore, Perkins Rowe had no duty to protect the plaintiff from any danger .that the curb posed. In support- of this assertion, the defendant attached the plaintiffs deposition testimony, four photographs of the incident scene, and an affidavit from Brian McCullough, the former attorney for entities that previously | sowned, managed, and/or constructed the Perkins Rowe premises. In his affidavit, Mr. McCullough stated that he was familiar with the Perkins Rowe premises from his prior work and from his regular visits to the area, and that the photographs accurately represented the state of the premises at the time of the incident.
The plaintiffs memorandum in opposition to the motion for summary judgment disputed the open and obvious nature of the sidewalk curb, asserted that Mr. McCullough’s affidavit should be stricken as improper expert testimony, and called for a delay in proceedings to allow further discovery. As evidence that the sidewalk curb presented an unreasonable risk to pedestrians, the plaintiff identified- subsequent remedial measures such as smoothing the sidewalk curb and painting .it a bright orange color.
The trial court ultimately granted the motion for summary judgment and dismissed the defendant from the suit. From this judgment, the plaintiff appealed, asserting the following two assignments of error;
1. Whether the trial court committed error by admitting into evidence the affidavit of Brian McCullough.
2. Whether the trial court committed error by granting Defendant’s Motion for Summary Judgment in view of the unresolved issues of material fact.
DISCUSSION
Evidentiary Issues[2]
|¿The plaintiff argues .that Mr. McCullough’s affidavit presents him as an expert rather than as a fact witness and that, therefore, the probative value of the affidavit is outweighed by its prejudicial impact.
After' reviewing Mr. McCullough’s affidavit, we have concluded that he is not presenting himself as an expert or offering an expert opinion on sidewalk construction, slip and fall accidents, or any other matter. The statements regarding Mr, McCul *929 lough’s background speak to his personal awareness of the state of the premises at the time of the accident. A witness may not testify to matters over which he lacks personal knowledge; and an affiant is required to “show affirmatively that the affi-ant is competent to testify to the matters stated” in the affidavit. La. C.C.P. art. 967. The remainder of Mr. McCullough’s affidavit addresses the veracity of photographs separately admitted into evidence, of which he also had personal knowledge. After reviewing the record, we do not believe that the trial court abused its discretion in allowing the affidavit of Mr. McCullough into evidence.[3]
Summary Judgment
The plaintiff contends that the motion for summary judgment should not have been granted because she was not afforded adequate opportunity for discovery, which she asserts was delayed due to ongoing settlement negotiations with the defendant. The trial court determined that the plaintiff was afforded ample time to conduct discovery.
Louisiana Code of Civil Procedure article 967(C) provides:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify |Bhis opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
The decision to proceed with summary judgment or to delay the matter for additional discovery is within the trial court’s discretion and should only be reversed upon a showing of an abuse of discretion. McCastle-Getwood v. Prof'l Cleaning Control, 2014-0993 (La.App. 1 Cir. 1/29/15), 170 So.3d 218, 223. The law only requires that the parties have a fair opportunity to carry out discovery and to present their claims. Id. The plaintiff in this ease had two years to conduct discovery from the time she filed suit until the motion for summary judgment was filed. In Coburn v. Dixon, 2015-1095 (La.App. 3 Cir. 4/27/16), 190 So.3d 816, writ denied, 2016-1022 (La. 9/16/16), 206 So.3d 211, the Third Circuit found the trial court did not abuse its discretion in hearing a motion for summary judgment fifteen months after suit was filed. See also Justiss Oil Co., Inc. v. Monroe Air Center, L.L.C., 45,356 (La. App. 2 Cir. 8/11/10), 46 So.3d 725, 728 (holding the trial court did not abuse its discretion in hearing a motion for summary judgment that had been filed almost two years after suit was filed). We find no abuse of the trial court’s discretion in allowing the hearing for summary judgment to proceed.[4]
The plaintiff next contends that the court erred in finding that the motion for summary judgment should be granted. We review the granting or denial of a motion *930 for summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Temple v. Morgan, 2015-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76. A motion for summary judgment should be granted only if the pleadings, depositions, answers to Ininterrogatories, and admissions, together with affidavits admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2):[5]
On a motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial, the mover’s burden does not require that all essential elements of the adverse party’s claim be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(C)(2).
The plaintiffs petition asserts that the defendant and its insured, the premises owner, are liable for the plaintiffs injuries because of its negligence.[6] A plaintiff asserting a claim of negligence must prove the five elements of the duty-risk analysis:
(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) actual damages.
Bufkin v. Felipe’s La., LLC, 2014-0288 (La. 10/15/14), 171 So.3d 851, 855. When evaluating the duty that a property owner owes relative to a sidewalk condition, the court must determine “whether the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and prudence.” Bufkin, 171 So.3d at 856. The Louisiana Supreme Court established a risk-utility balancing test to assist courts in making this determination: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of social utility or whether the activities were dangerous by nature. Id
The second prong focuses on whether the allegedly dangerous or defective condition is “obvious and apparent.”[7] *931 Id. Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. Id. A defect is “obvious and apparent” when it is one that should be open and obvious to everyone who may potentially encounter it. Id. A defect is not disqualified from the open and obvious label merely because a particular plaintiff was not aware of the defect at the time of the injury; the test focuses on the global knowledge of persons expected to encounter the defect or hazard. Temple, 196 So.3d at 77.
The Louisiana Supreme Court has previously said that “one cannot expect paved surfaces of streets, sidewalks, and parking lots to be free of all deviations and defects.” Reed v. Wal-Mart Stores, Inc., 97-1174 (La. 3/4/98), 708 So.2d 362, 365. A pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear. Bufkin, 171 So.3d at 855. It is |snot the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. See Reed, 708 So.2d at 363, 366 (holding that a difference in height of one-fourth to one inch between sidewalk panels did not present an unreasonable risk of harm); Boyle v. Bd. of Sup’rs, La. State Univ., 96-1158 (La. 1/14/97), 685 So.2d 1080, 1084 (holding that a difference in height of one-half to one inch between sidewalk panels did not present an unreasonable risk of harm); Temple, 196 So.3d at 81 (holding that cracks in sidewalk were an open and obvious defect); Dickson v. City of Shreveport, 47,268 (La. App. 2 Cir. 8/8/12), 104 So.3d 9, 15, writ denied, 2012-2284 (La. 11/30/12), 103 So.3d 375 (holding that cracks in sidewalk were an open and obvious defect).
In the present case, it is undisputed that the plaintiff tripped on the sidewalk curb created by a ramp that crossed over the sidewalk at the Perkins Rowe premises. The pictures submitted into evidence show a sidewalk pathway that avoids the height difference of the ramp and walkway entirely, and there is no remarkable feature of the sidewalk curb that would make it difficult for a pedestrian to see the height difference on either side of the pathway. The plaintiff’s deposition testimony confirms that there was no slippery or wet substance on the walkway and that the area was not under construction or in a state of disrepair. There is no evidence indicating that the plaintiff could not have observed the state of the walkway from an ordinary inspection of the path before her. This evidence is enough to shift the burden to the plaintiff to show that the defect was not open and obvious. See La. C.C.P. art. 966(C)(2).
The affidavits of the plaintiffs husband and daughter state that they were told that accidents had happened in that same location before the plaintiffs accident. The defendant raised a hearsay objection at the summary judgment shearing to these statements in the affidavits. Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with La. C.C.P. art. 966(F)(2). Louisiana Code of Civil Procedure article 966(F)(3) states, in pertinent part, that objections to evidence in opposition to a motion for summary judgment may be raised in a written motion to strike or a memorandum stating the specific grounds therefor. In this case, the defen *932 dant did not file a motion to strike or raise the objection in its reply memorandum. The trial court therefore properly ruled that the affidavits were deemed admitted in accordance with La. C.C.P. art. 966(F)(2). Even though the affidavits were ruled admissible, the trial court had the option to accept or reject the hearsay statements in the affidavits. While the affidavits were properly admitted, the court could properly not consider statements contained therein that were not based upon the personal knowledge of the affi-ant.[8]
In considering the hearsay evidence in this court’s de novo review, we note that there is no evidence to indicate that these accidents were particularly frequent or caused by the same sidewalk curb where the plaintiff tripped. Therefore, the evidence is insufficient to defeat the motion for summary judgment. The mere fact that the affidavits of the plaintiffs husband and daughter allege that some unknown number of other pedestrians have also tripped in the same area as the plaintiff is insufficient to show that the risk posed by the ramp is not open and obvious to pedestrians expected to encounter the ramp. Thus, the plaintiff failed to carry her burden of proving that the alleged defective condition was not open and obvious to all.
| ^Accordingly, we find there is no genuine issue of material fact and that reasonable minds must inevitably conclude, from the evidence before us, that the sidewalk curb on which the plaintiff tripped presented an open and obvious risk. The defendant has shown that the plaintiff will not be able to meet the essential duty element of the duty-risk analysis. Therefore, the trial court did not err in granting the defendant’s motion for summary judgment and the plaintiffs assignment of error has no merit.
CONCLUSION
For all of the foregoing reasons, we affirm the trial court’s grant of the motion for summary judgment, which dismissed all claims against defendant-appellee, Aspen Specialty Insurance Company, with prejudice. Costs of this appeal are assessed to the plaintiff-appellant, Anita Me-lancon.
AFFIRMED.

. The plaintiff did not request Service on Perkins Rowe; therefore, her claims against this defendant are not subject to this appeal.

. Although the plaintiff did not explicitly designate the issue as an error of the trial court, the plaintiff asserts in her appellate brief that the deposition testimony regarding subsequent remedial measures at the Perkins Rowe premises should have been considered in the hearing for summary judgment, After considering the record and the arguments submitted by the plaintiff, we hold that the trial court did not abuse its discretion in refusing to consider this evidence at the hearing for summary judgment, The defendant objected to the - testimony in its reply brief in support of the summary judgment and the trial court was correct in not considering the evidence. See La. C.C.P. art. 966(F)(2). All citations to La, C.C.P, art. 966 specifically refer to that article as it existed prior to its amendment by 2015 La. Acts, No, 422, effective January 1, 2016. Motions and appeals pending prior to the effective date must still be adjudicated under the previous version of article 966. See 2015 La. Acts, No. 422.

. We note that regardless of whether parts of Mr. McCullough's affidavit were not admissible, there was ample testimony regarding the nature of the sidewalk curb on which the plaintiff tripped. It is doubtful that the determination of this evidentiary issue would impact the case before the court; we only address the matter to give full consideration to the plaintiff’s assignments of error.

. We need not address the issue of whether evidence of settlement negotiations was admissible under La. Code Evid. art. 408 to explain the plaintiff's delay in conducting discovery. Because the trial court did not abuse its discretion in finding the plaintiff had a fair opportunity to conduct discovery in the almost two years between filing suit and the filing of the motion for summary judgment, the admissibility of the explanation for her delay is irrelevant.

. See footnote 2.

. The plaintiff has also asserted a theory of strict liability under La. C.C. arts. 2317 and 2317.1, but the 1996 amendment enacting article 2317.1 "abolished the concept of strict liability governed by prior interpretation of La. C.C. art. 2317.” Jackson v. Brumfield, 2009-2142 (La.App. 1 Cir. 6/11/10), 40 So.3d 1242, 1243. Under the current law, claims made under article 2317 are predicated on a finding of negligence. Id.

.In this case, the burden was on the plaintiff to submit proof to establish that the design of the sidewalk and the curbing was defective. From our review of the record, the plaintiff failed to present any proof as to a defect in the sidewalk curbing. Since the trial court rendered its decision on the issue of open and obvious, for the sole purposes of this appeal, *931 we will assume, without deciding, that the design is defective and will focus on the issue of whether the alleged defect is open and obvious.

. Cf. Davis v. Elmer, 2014-1298 (La.App. 1 Cir. 3/12/15), 166 So.3d 1082, 1086-87, wherein this court granted a motion to strike a letter from the appellate record where "the trial court ruled that it would not consider the contents of the letter, apparently finding the letter to be hearsay and inadmissible on summary judgment. ”