STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CW 1633

DEBRA ELEE

VERSUS

LISA WHITE, DOLLAR GENERAL CORPORATION,
TRAVIS GARDNER, AND
WERNER ENTERPRISES, INC. OF NEBRASKA

Decision Rendered: **JUL 2 4 2020**

* * * * * * *

APPEALED FROM THE
22nd JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 2019-11531, DIVISION "J"

HONORABLE WILLIAM J. KNIGHT, JUDGE

* * * * * * *

Christian E. Banck
Douglas D. McGinity
Covington, Louisiana

Attorneys for Plaintiff/Appellant
Debra Elee

Guy D. Perrier
Ralph J. Aucoin Jr.
Kristopher M. Gould
New Orleans, Louisiana

Attorneys for Defendant/Appellee
Werner Enterprises, Inc.

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDONALD, J.**

After an automobile accident, a motorist filed this tort action against a truck driver and his employer, alleging the employer was vicariously liable for the truck driver's fault and was directly and independently liable for its own negligence in hiring, supervising, and/or training the truck driver. The district court granted the employer's motion for partial summary judgment on the latter, dismissing the motorist's direct negligence claim against the employer. The motorist appeals the adverse judgment. We convert the appeal to an application for supervisory writs, deny the writ, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of May 14, 2018, Debra Elee was driving northbound on La. Hwy. 25 in St. Tammany Parish, Louisiana. As she approached a Dollar General Store fronting on La. Hwy. 25, Ms. Elee alleges that, suddenly and without warning, she encountered an 18-wheeled, tractor-trailer truck blocking all lanes of traffic as it attempted to back into the Dollar General Store parking lot. When Ms. Elee quickly braked to avoid hitting the truck, she was rear-ended by the vehicle behind her.

In March of 2019, Ms. Elee filed a petition for damages against Travis Gardner, the truck driver, and against Werner Enterprises, Inc., his employer and the owner of the truck he was driving.[1] She alleged that Mr. Gardner was negligent, that Werner was vicariously liable for his negligence, and that Werner was also directly negligent in failing to have Mr. Gardner warn oncoming traffic, in entrusting the truck to him, and in hiring, training, and/or supervising him. In its answer, Werner admitted that it owned the truck making the Dollar General delivery, that it was Mr. Gardner's employer, and that he was in the course and scope of his employment when the accident occurred. Werner denied the allegations that it was directly negligent.

After filing its answer, Werner filed a motion for partial summary judgment seeking dismissal of Ms. Elee's direct negligence claims against it. Werner argued that, as a matter of law, Ms. Elee could not pursue both vicarious liability and direct

---

[1] In her original petition, Ms. Elee named several defendants, including "Werner Enterprises, Inc. of Nebraska" and its "At Fault Driver Employee." In its answer, Werner properly identified itself as "Werner Enterprises, Inc." In a supplemental and amending petition, Ms. Elee added Mr. Gardner as a defendant and identified him as the alleged at-fault truck driver.

2

negligence claims against Werner, when Werner had stipulated that Mr. Gardner was in the course and scope of his employment when he committed the alleged negligence. Ms. Elee opposed summary judgment dismissal of her direct negligence claim and filed a motion to continue the summary judgment hearing.

After a hearing on August 16, 2019, the district court signed a judgment on September 24, 2019, denying Ms. Elee's motion to continue, granting Werner's motion for partial summary judgment, and dismissing Ms. Elee's direct negligence claim against Werner. After the district court denied her motion for new trial, Ms. Elee filed this appeal. In two assignments of error, Ms. Elee contends the district court erred: (1) in denying her motion to continue considering that discovery had barely begun, no depositions had been taken, and less than three months had elapsed between her filing suit and Werner's motion for summary judgment; and (2) in granting Werner's motion and dismissing her direct negligence claim against Werner.

## APPELLATE JURISDICTION

Before reaching the merits, we address whether this court has jurisdiction to review this matter. In its appellate brief, Werner contends this court lacks subject matter jurisdiction, because the district court rendered a partial summary judgment as to less than all of Ms. Elee's claims, and stated that the judgment was final under La. C.C.P. art. 1915, but did not make an express determination that there was no just reason for delay as required by La. C.C.P. art. 1915B(1).

A district court may render a partial summary judgment dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor or one or more parties, even though the grant of summary judgment does not dispose of the entire case as to that party or parties. La. C.C.P. art. 966E. A partial summary judgment rendered under La. C.C.P. art. 966E may be immediately appealed during ongoing litigation only if the district court properly designates it as a final judgment after an express determination that there is no just reason for delay. La. C.C.P. art. 1915B(1). Here, the district court made no express determination that there was no just reason for delay. Absent that designation, the partial summary judgment is not a final judgment for purposes of

3

immediate appeal. *See* La. C.C.P. arts 1911B and 1915B(2). However, in the interest of judicial efficiency and considering that the appeal was filed within the delays for taking supervisory writs,[2] we elect to exercise our supervisory jurisdiction and to convert the appeal to an application for supervisory writs of review. *See* La. Const. art. V, §10A; URCA Rule 4-3; *Stelluto v. Stelluto,* 05-0074 (La. 6/29/05), 914 So.2d 34, 39; *Wesley v. Our Lady of the Lake Hosp., Inc.,* 17-0767 (La. App. 1 Cir. 6/14/18), 2018 WL 3005307 *1. We now turn to the merits of the writ application.

## SUMMARY JUDGMENT DISMISSAL OF DIRECT NEGLIGENCE CLAIM

Ms. Elee contends the district court erred in granting the partial summary judgment dismissing her direct negligence claim against Werner. She claims the summary dismissal interferes with the factfinder's role to determine facts and to assess fault and provides corporate defendants with a "defensive weapon to limit the scope of discovery." She further argues that the contrary result in this court's *per curiam* decision in *Wheeler v. U.S. Fire Ins. Co.,* 18-1422 (La. App. 1 Cir. 6/13/19), 2019 WL 2612903, and in multiple relevant federal cases are not binding on this panel.

An appellate court reviews a summary judgment *de novo,* using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Monterrey Center, LLC v. Ed.ucation Partners, Inc.,* 08-0734 (La. App. 1 Cir. 12/23/08), 5 So.3d 225, 229. We first address this court's *Wheeler* decision, wherein a five-judge writ panel decided the exact issue presented herein as follows:

> [W]e find that plaintiffs cannot maintain direct negligence claims, such as negligent hiring, training, supervision, etc. against an employer while simultaneously maintaining claims against the alleged negligent employee for which plaintiffs seek to hold the employer vicariously liable after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct. *See Dennis [v. Colllins,* 15-2410 (W.D. La. Nov. 9, 2016)], 2016 WL 6637973, *7 and *Wilcox v. Harco International Insurance,* 16-187 (M.D. La. June 26, 2017), 2017 WL 2772088.

*Wheeler,* 2019 WL 2612903 at *2.

---

[2] Werner argues Ms. Elee's appeal would not have been a timely filed writ, because it was filed 45 days after the district court's August 16, 2019 ruling in open court. But, timeliness is determined from the date of the notice of the September 24, 2019 judgment, not from the date of the district court's oral ruling. *See, e.g., Courville v. Allied Prof. Ins. Co.,* 16-1354 (La. App. 1 Cir. 4/12/17), 218 So.3d 144, 147; *Spanish Lake Rest., LLC v. Shell Oil Co.,* 15-0837 (La. App. 1 Cir. 4/18/16), 2016 WL 1572425 *5. Here, the district court signed the partial summary judgment on September 24, 2019, and the clerk of court mailed notice of the judgment on September 25, 2019. Ms. Elee filed her motion for appeal on September 30, 2019.

4

First, we reject Ms. Elee's argument that *Wheeler* has no precedential value, because it is an unpublished opinion. Louisiana Code of Civil Procedure article 2168 requires that an appellate court post unpublished opinions on its website and provides that such opinions may be cited as authority. *See Harris v. St. Tammany Par. Hosp. Serv. Dist. No. 1,* 11-0941 (La. App. 1 Cir. 12/29/11), 2011 WL 6916523 *13, n. 15. Our court indeed posts unpublished opinions and writ decisions on our website, and as such, these opinions may be cited as authority. *See* www.la-fcca.org.

We do note, however, that this court is not bound by a writ panel's previous decision issued in another matter, regardless of whether it is published or not. A regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel's decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel's decision was correct, the appeal panel finds that the writ panel's decision was in error. Mere doubt as to the correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous, or where application of the law of the case doctrine would result in an obvious injustice, should we overrule or modify the prior ruling. *Pontchartrain Nat. Gas Sys. v. Texas Brine Co., LLC,* 18-0419 (La. App. 1 Cir. 6/26/19), 280 So.3d 792, 795, *stay and writ denied,* 19-01125 (La. 7/17/19), 277 So.3d 1180.

After a thorough review, we agree with *Wheeler* and find no obvious injustice in following it. The summary dismissal of Ms. Elee's direct negligence claim will not impinge on the factfinder's role to determine facts and assess fault. This is because Ms. Elee's direct negligence claim against Werner is essentially subsumed in the direct negligence claim against Mr. Gardner; an employee driver's negligence may include his employer's negligence for lapses in hiring, training, and supervision. *See Meadors v. D'Agostino,* CV 18-01007-BAJ-EWD (M.D. La. Mar. 30, 2020), 2020 WL 1529367 at *4. On the other hand, if Mr. Gardner was not negligent in causing the subject accident, then a factfinder could not reasonably find that Werner's failure to properly hire, train, or supervise him was a legal cause of the accident. *See Landry v. Nat'l. Union Fire Ins. Co. of Pittsburg,* 19-337 (La. App. 5 Cir. 12/30/19), 289 So.3d 177, 185. And, *accord Libersat v. J&K*

5

*Trucking, Inc.,* 00-00192 (La. App. 3 Cir. 10/11/00), 772 So.2d 173, 179, *writ denied,* 01-0458 (La. 4/12/01), 789 So.2d 598, the reasoning of which has been positively cited by the *Landry* court above and in numerous federal decisions, by which we are not bound, but persuaded.[3]

Next, under the facts of this case, we need not address Ms. Elee's policy argument that dismissal of a direct negligence claim when the employer stipulates to vicarious liability provides corporate defendants with a defensive weapon to limit the scope of discovery. In this case, the district court stated it was following *Wheeler,* but made clear that *Wheeler's* "very narrow holding" would not "preclude discovery into the areas of employer training, hiring, and supervision" simply because Werner has stipulated that Mr. Gardner was in the course and scope of his employment at the time of the accident. Thus, based on the well-settled rule that courts do not decide hypothetical controversies or render advisory opinions, we decline to address the possibility that an employer in some other case would stipulate to vicarious liability to limit discovery into its own alleged negligent practices. *See In re: Interdiction of Shubert,* 17-1738 (La. App. 1 Cir. 9/24/18), 258 So.3d 808, 810.

Thus, on *de novo* review, and adopting the *Wheeler* writ panel's reasoning, we conclude that a plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct. *Wheeler,* 2019

---

[3] *See Jones v. Nat'l Liab. & Fire Ins. Co.,* CV 19-4353 (E.D. La. Mar. 23, 2020), 2020 WL 1332944 at *2-3; *Pigott v. Heath,* CV 18-9438 (E.D. La. Feb. 5, 2020), 2020 WL 564958, at *4; *Coffey v. Knight Refrigerated, LLC,* CV 19-3981 (E.D. La. Nov. 1, 2019), 2019 WL 5684258 at *3; *Giles v. ACE Am. Ins. Co.,* CV 18-6090 (E.D. La. June 26, 2019), 2019 WL 2617170 at *2-3; *Thomas v. Chambers,* CV 18-4373 (E.D. La. Apr. 17, 2019), 2019 WL 1670745, *7; *Vaughn v. Taylor,* 6:18-CV-01447 (W.D. La. Jan. 10, 2019), 2019 WL 171697, *2-3; *Franco v. Mabe Trucking Co., Inc.,* 5:17-CV-00871 (W.D. La. Nov. 20, 2018), 2018 WL 6072016 at *3-4; *Wilcox v. Harco Int'l Ins.,* CV 16-187-SDD-EWD (M.D. La. June 26, 2017) 2017 WL 2772088 at *3; *Dennis v. Collins,* CV 15-2410 (W.D. La. Nov. 9, 2016), 2016 WL 6637973 at *7.

WL 2612903 at *2. The district court properly granted summary judgment dismissing Ms. Elee's direct negligence claim against Werner.

Lastly, we address Ms. Elee's contention that the district court erred in denying her motion to continue the summary judgment hearing. Generally, a motion for summary judgment may be granted after an opportunity for adequate discovery. *See* La. C.C.P. art. 966A(3). However, there is no absolute right to delay action on a motion for summary judgment until discovery is complete; the law only requires that the parties have a fair opportunity to conduct discovery and present their claims. *Melancon v. Perkins Rowe Assoc., LLC,* 16-0219 (La. App. 1 Cir. 12/14/16), 208 So.3d 925, 929. A district court has discretion to proceed with summary judgment or to delay the matter for additional discovery, and an appellate court should reverse that decision only upon a showing of an abuse of that discretion. *Id.* Under the facts of this case, no amount of discovery will alter the legal issue here - once Werner stipulated that Mr. Gardner was in the course and scope of his employment at the time of the accident, there is no independent negligence claim against it. However, the district court has made it clear that it will allow full discovery to explore what Werner should have done that resulted in Mr. Gardner's negligence. We find the district court did not abuse its discretion in allowing the summary judgment hearing to proceed.

## CONCLUSION

For the above reasons, we convert the appeal to an application for supervisory writs, deny the writ, and affirm the September 24, 2019 judgment. We assess costs of this appeal one-half to Debra Elee and one-half to Werner Enterprises, Inc.

**APPEAL CONVERTED TO WRIT; WRIT DENIED; JUDGMENT AFFIRMED.**