STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0280

SHELLEY T. MOORE

VERSUS

BRP INVESTMENTS, L.L.C.

Judgment Rendered: **NOV 0 7 2023**

* * * * *

On Appeal from the
18th Judicial District Court
Parish of West Baton Rouge, State of Louisiana
Trial Court No. 45975

The Honorable Elizabeth A. Engolio, Judge Presiding

* * * * *

Roy H. Maughan, Jr.  Attorneys for Plaintiff-Appellant,
Namisha D. Patel  Shelley T. Moore
Joshua D. Roy
Connor S. Thomas
Baton Rouge, Louisiana


Richard G. Duplantier, Jr.  Attorneys for Defendant-Appellee,
Henry M. Weber  BRP Investments, L.L.C.
New Orleans, Louisiana


* * * * *

BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

JEW

Welch J. Concurs in result

Holdridge J. dissents w/ Reasons

**WOLFE, J.**

In this personal injury case, Shelley T. Moore appeals a decision of the trial court denying Mr. Moore's motion to continue a summary judgment hearing, granting summary judgment in favor BRP Investments, L.L.C., and dismissing Mr. Moore's claims against BRP. For the reasons that follow, we affirm.

## BACKGROUND

On May 4, 2019, Mr. Moore and his wife, Krystalynn, were staying at the Hampton Inn in Port Allen, Louisiana, which was owned and operated by BRP. On that rainy morning, the couple made plans to go shopping and get something to eat in Baton Rouge. As Mr. Moore walked to his vehicle with his wife following behind, Mr. Moore alleges that he slipped and fell on a yellow-painted stripe in the parking lot near his vehicle. The parking lot was wet from the drizzling rain, and the couple thought the painted stripe looked "wet," "slick," and "slippery," and appeared to be freshly painted. Mr. Moore injured his left leg when he fell, but he did not make a formal report of his injury to the Hampton Inn. Ultimately, Mr. Moore underwent surgery to repair a fracture in his left leg.

On April 20, 2020, Mr. Moore filed this personal injury lawsuit against BRP and, in a supplemental and amending petition, named BRP's insurer, Amguard Insurance Company, as an additional defendant. Before Amguard was added to the lawsuit in September 2022, BRP filed a motion for summary judgment in April 2022. BRP argued that it was not liable for Mr. Moore's damages on the grounds that Mr. Moore had no proof that the parking lot striping was unreasonably dangerous and, furthermore, the alleged hazardous condition was open and obvious. In support of its motion, BRP relied on the deposition testimony of Mr. Moore and his wife, along with answers to BRP's interrogatories indicating that Mr. Moore was not an expert in parking lot painting and he had no expert witness who could testify

2

regarding the alleged hazardous condition of slippery painted striping in a parking lot.

The hearing on the summary judgment was originally set to be heard by the trial court on June 20, 2022, but the parties and the trial court agreed to continue the summary judgment hearing to September 27, 2022, to allow for Mr. Moore to depose a BRP representative. On September 8, 2022, Mr. Moore filed a motion for a second continuance of the summary judgment hearing on the grounds that discovery was not complete because he still needed to depose BRP's corporate representative. BRP opposed that motion; however, the trial court signed an order continuing the summary judgment hearing to December 12, 2022. In early November, Mr. Moore filed another motion to continue the matter for the third time, stating that "[d]iscovery is not complete" and that he needed to retain an expert witness. BRP again opposed the continuance, arguing that Mr. Moore had taken *"no* actions" to complete discovery or to retain and name an expert witness.

The trial court set the continuance matter to be heard on the same day that the hearing on BRP's motion for summary judgment was docketed, and the parties were notified of the hearing date by order of the trial court. Nevertheless, it is undisputed that Mr. Moore did not file an opposition to BRP's motion for summary judgment, and the record does not reflect any objection to the matter being submitted without a hearing to the trial court on December 12, 2022.[1] In a written judgment signed on

_____

[1] Jurisprudence since the amendment and reenactment of La. Code Civ. P. art. 966 by La. Acts 2015, No. 422, § 1, effective January 1, 2016, reflects that a contradictory hearing on a motion for summary judgment is required except in cases otherwise agreed to by all of the parties and the court, and where a timely opposition to the motion was not filed. See **Viering v. Liberty Mutual Ins. Co.**, 2017-0204 (La. App. 1st Cir. 9/27/17), 232 So.3d 598, 603-604 n.6, writ denied, 2017-1821 (La. 12/15/17), 231 So.3d 637 (interpreting "contradictory hearing" as it appears in La. Code Civ. P. art. 966(C)(1)(a) to mean that "both parties ... be afforded the privilege of oral argument, except in those cases where the memorandum or opposition is untimely filed"). See also Louisiana District Court Rule 9.9(e), which provides that parties who fail to timely file their memorandum in support of the motion for summary judgment or opposition may forfeit the privilege of oral argument. **Viering**, 232 So.3d at 604. In this case, Mr. Moore failed to file an opposition to BRP's motion for summary judgment; therefore, the trial court did not err in ruling on BRP's motion without hearing oral argument on the matter.

3

January 11, 2023, the trial court denied Mr. Moore's motion to continue and granted BRP's motion for summary judgment, dismissing Mr. Moore's claims against BRP with prejudice. The trial court explicitly adopted BRP's memorandum in support of its motion for summary judgment as its reasons for judgment, and the judgment was designated as final. Mr. Moore appealed.

## LAW AND ANALYSIS

On appeal, Mr. Moore maintains that the trial court erred in denying his motion to continue and in prematurely considering and granting BRP's motion for summary judgment. Mr. Moore argues that he had insufficient time to conduct adequate discovery and also, that BRP's insurer had not been served with the motion for summary judgment. Initially, we note that BRP's insurer did not join in BRP's motion for summary judgment since the insurer was not a party to the lawsuit until five months after BRP's motion was filed. Thus, Mr. Moore's outstanding claims against BRP's insurer are not pertinent to this appeal. The trial court did not err in considering BRP's motion for summary judgment seeking dismissal of Mr. Moore's claims against BRP. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to the party or parties. La. Code Civ. P. art. 966(E).[2] Moreover, Mr. Moore has raised the issue of insufficient service on BRP's insurer for the first time on this appeal. Generally, a question regarding sufficiency of service of process cannot be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment. La. Code Civ. P. art. 2002(A)(2); **State v. Kee Food, Inc.,**

---

[2] Although the Legislature recently amended La. Code Civ. P. art. 966, those amendments are not applicable to the instant appeal. See 2023 La. Acts No. 317, § 1 (effective August 1, 2023), and 2023 La. Acts No. 368, § 1 (effective August 1, 2023).

4

2017-0127 (La. App. 1st Cir. 9/21/17), 232 So.3d 29, 32, writ denied, 2017-1780 (La. 12/5/17), 231 So.3d 632.

As for Mr. Moore's contention that the trial court erred in denying him an opportunity for adequate discovery prior to the hearing on the motion for summary judgment, we find his argument without merit. There is no absolute right to delay action on a motion for summary judgment until discovery is *complete*; the law only requires that the parties have a fair opportunity to *conduct* discovery and present their claims. See La. Code Civ. P. art. 966(A)(3). See also **Trichell v. McClure**, 2021-1240 (La. App. 1st Cir. 4/8/22), 341 So.3d 856, 862; **Melancon v. Perkins Rowe Assocs., LLC**, 2016-0219 (La. App. 1st Cir. 12/14/16), 208 So.3d 925, 929. A trial court has wide discretion in the control of its docket, case management, and the determination of whether a continuance should be granted. **Rover Group, Inc. v. Clark**, 2021-1365 (La. App. 1st Cir. 4/8/22), 341 So.3d 842, 846, writ denied, 2022-00766 (La. 9/20/22), 346 So.3d 287. An appellate court will not disturb such a ruling unless there is a clear showing the trial court abused its discretion. **Id.** We conclude that after continuing the matter twice to accommodate Mr. Moore's need for additional time to depose BRP's corporate representative and to retain an expert witness, the trial court did not abuse its discretion in declining to continue the summary judgment hearing once again for the same reasons given in the prior continuances.

Turning to the merits of BRP's motion for summary judgment, we are mindful that appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 471. A trial court must grant a motion for summary judgment if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue as to material fact

5

and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3) and (4). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. Code Civ. P. art. 966(A)(2).

The burden of proof is on the mover, but if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. An adverse party to the motion may not rest on the mere allegations or denials of his pleading, but his response must set forth specific factual support sufficient to establish the existence of a genuine issue of material fact for trial. See La. Code Civ. P. art. 966(D)(1). If not, then summary judgment shall be rendered against the adverse party if appropriate. See La. Code Civ. P. art. 966(A)(3).

BRP relies on Mr. Moore's deposition testimony to show that Mr. Moore acknowledged that he knew the painted striping in the parking lot was wet due to rain. BRP avers that the condition of wet parking lot striping was open and obvious, and that Mr. Moore, in the exercise of reasonable care, would not have been injured. Alternatively, BRP argues that Mr. Moore did not met his burden of proving that the condition of the parking lot striping created an unreasonable risk of harm to guests of the Hampton Inn. In **Farrell**, 359 So.3d at 473, the Louisiana Supreme Court discussed the traditional duty/risk analysis for determining whether premises liability exists in a case involving a slip and fall in a parking lot. We find that same analysis applies in this case.

Under the duty risk analysis, the plaintiff must prove five separate elements: (1) the duty element – the defendant had a duty to conform his conduct to a specific

standard; (2) the breach of duty element – the defendant's conduct failed to conform to the appropriate standard; (3) the cause-in-fact element – the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the scope of duty element – the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and, (5) the damages element – the plaintiff has sustained actual damages. See **Farrell**, 359 So.3d at 473. Thus, if Mr. Moore fails to prove any one element by a preponderance of the evidence, BRP is not liable. **Id.** In order for BRP to prevail on summary judgment, BRP is required to show an absence of factual support for *any* of the elements of Mr. Moore's cause of action.

The existence of a duty is a question of law. In this case, the general rule of law is that the owner or custodian of property has a duty to keep the premises in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. See **Farrell**, 359 So.3d at 473-474 (citing La. Civ. Code arts. 2315, 2316, 2317, and 2317.1). BRP, as owner or custodian of the parking lot at the Hampton Inn, owed such a duty to Mr. Moore.

The breach of duty element is a question of fact or a mixed question of law and fact. **Farrell**, 359 So.3d at 474. To make this determination, Louisiana courts apply a risk/utility balancing test, which considers four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obvious and apparent nature of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. **Id.** In this case, the painted striping in the parking lot was obviously present by design, with the purpose of providing organized and clearly marked spaces to guide guests when parking their vehicles. The painted striping did not create a condition that was likely to cause harm, but

7

instead was intentionally placed in the parking lot to decrease the risk of harm to guests using the parking lot.

The record is void of evidence concerning the nature or type of paint used on the parking lot stripes. It is undisputed that Mr. Moore and his wife safely traversed the parking lot when they first parked their vehicle. It is also undisputed that at the time of Mr. Moore's slip and fall, the parking lot and painted stripes were wet from rain, which was clearly apparent to Mr. Moore and his wife. Whether the painted stripes were slippery due to the wet/rainy condition or due to some other factor has not been established. Thus, the fact that the wet condition of the parking lot stripes was apparent to all who encountered the parking lot that rainy day leads us to conclude that the likelihood and magnitude of the harm was minimal. The record does not contain any evidence regarding the cost of preventing a slippery condition on the painted stripes when the parking lot was wet. And finally, the activity that Mr. Moore was engaged in – walking through a wet parking lot to his vehicle, and stepping on a painted stripe – is something that is not dangerous by nature. An accident alone does not support the imposition of liability, particularly considering the normal hazards pedestrians face while traversing sidewalks and parking lots in this state. **Williams v. Leonard Chabert Med. Ctr.**, 98-1029 (La. App. 1st Cir. 9/26/99), 744 So.2d 206, 211, writ denied, 2000-0011 (La. 2/18/00), 754 So.2d 974. Therefore, that factor does not weigh heavily in the risk/utility balancing test.

After applying the factors of the risk/utility balancing test, we find that the alleged hazardous condition of slippery-when-wet painted stripes in the Hampton Inn parking lot was not unreasonably dangerous. Thus, BRP met its initial burden of pointing out the absence of factual support for the breach of duty element in Mr. Moore's slip-and-fall claim. The burden shifted to Mr. Moore to produce factual support sufficient to establish the existence of a genuine issue of material fact or that BRP is not entitled to judgment as a matter of law. Mr. Moore failed to do so;

8

consequently, summary judgment in favor of BRP is mandated by law. Whether BRP failed to eliminate or warn against the condition of the wet parking lot stripes is irrelevant since we find no proof that it is an unreasonably dangerous condition. Mere allegations and speculation are not enough to defeat a properly supported motion for summary judgment. See **Gifford v. Arrington**, 2014-2058 (La. 11/26/14), 153 So.3d 999, 1000 (*per curiam*). Given our ruling that BRP did not breach a duty, we pretermit any further discussion of the cause-in-fact element, the scope of duty element, and the damages element. See **Farrell**, 359 So.3d at 479.

## CONCLUSION

For the reasons set forth, we find that the trial court did not err in denying Shelley T. Moore's motion to continue BRP Investments, L.L.C.'s motion for summary judgment or in granting summary judgment in favor of BRP Investments, L.L.C., and dismissing Shelley T. Moore's claims against BRP Investments, L.L.C. The January 11, 2023 judgment of the trial court is affirmed. All costs of this appeal are assessed to Shelley T. Moore.

**AFFIRMED.**

SHELLY T. MOORE

VERSUS

BRP INVESTMENTS, L.L.C.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0280



**Holdridge, J., dissenting.**

I respectfully dissent from the majority opinion. I believe the trial court erred in not continuing the December 12, 2022 hearings. The trial court had set the motion for summary judgment and the motion to continue the summary judgment hearing on that date. Pursuant to La. C.C.P. article 1601, absent peremptory grounds, a continuance rests within the sound discretion of the trial court, which may grant a continuance "if there is good ground therefor." An appellate court should not disturb the trial court's grant or denial of a continuance under La. C.C.P. art. 1601 absent a clear abuse of discretion. **City of Bogalusa v. Moses.** 2020-0165 (La. App. 1 Cir. 4/16/21), 323 So.3d 404, 407. In this case, the January 11, 2023 judgment states that the matter was submitted on the pleadings. Louisiana Code of Civil Procedure article 1605 states, "Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite party." In this case, the trial court erred in not having a hearing on the plaintiff's motion to continue the hearing on the motion for summary judgment. The record does not show that a hearing was held on the motion for a continuance or that Mr. Moore's attorney agreed to submit the matter and not have a hearing. However, whether based on peremptory or discretionary grounds, a contested motion for continuance must be tried summarily and contradictorily with the opponent as required by Article 1605. See **Hughes v. Harvey**, 2022-0131 (La. App. 1 Cir. 10/19/22), 354 So.3d 14, 16-17; **Landry v. Landry**, 2021-0337 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356, writ denied, 2022-00044 (La. 3/2/22), 333 So.3d 835. (In many situations, the court may set the hearing on the motion for continuance immediately prior to the hearing on the

substantive matter. If the mover fails to appear at the hearing, the trial court may properly deny the continuance.) The trial court's failure to hold the contradictory hearing as required by La. C.C.P. art. 1605 for this contested continuance motion constitutes legal error. **Hughes**, 354 So.3d at 16; **In re Elloie**, 2005-1499 (La. 1/19/06), 921 So.2d 882, 899.

Furthermore, La. C.C.P. art. 966(C) also provides, in pertinent part, as follows: "(1) Unless otherwise agreed to by all of the parties and the court: (a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date." Moreover, La. C.C.P. art. 963(B) provides, in pertinent part, as follows: "If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." The record contains no agreement between the parties and the trial court to dispense with the contradictory hearing and submit the summary judgment motion on the pleadings. In fact, Mr. Moore's motion for a continuance indicates he did not agree that the matter should even be heard on December 12, 2022. A hearing on the motion for summary judgment, regardless of whether evidence can be admitted or not, serves the important purpose of allowing parties and/or their counsel to present argument and engage with the tribunal. **Viering v. Liberty Mutual Insurance Co.**, 2017-0204 (La. App. 1 Cir. 9/27/17), 232 So.3d 598, 604, writ denied, 2017-1821 (La. 12/15/17), 231 So.3d 637. While Louisiana District Court Rule 9.9(e) provides that parties who fail to timely file their memorandum in support of their motion or opposition in accordance with subparagraphs (b) and (c) of the rule may forfeit the privilege of oral argument, nothing in District Court Rule 9.9 allows the trial court to waive a hearing on a motion for summary judgment unless both parties agree. See **Kinsley v. Baton**

2

**Rouge General Medical Center**, 2022-1225 (La. App. 1 Cir. 6/2/23), 2023 WL 3862028 (wherein the trial court properly held a hearing on the motion for summary judgment, thereby allowing the opposing party to argue why his opposition was timely, and then ruled that the opposition was not timely and would not be admitted and that the opposing party waived his right to oral argument. The trial court then allowed for the late-filed opposition to be proffered into evidence. The trial court correctly followed both La. C.C.P. art. 966 and Louisiana District Court Rule 9.9.)

In this case, there is nothing in the record that establishes a hearing in open court was conducted by the trial court on the motion for summary judgment or the motion for continuance, nor is there an agreement between the parties to submit the matter without a hearing. Under the facts of this case, the trial court violated both the provisions of La. C.C.P. arts. 966(C)(1)(a) and 1605. For these reasons and in accordance with the statutes, rules, and jurisprudence of this court, I would vacate the judgment granting the summary judgment motion and would remand this matter to the trial court with instructions that the matters be set for contradictory hearings.

3