# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2022

Lyle W. Cayce
Clerk

No. 20-30716

Benjamin Fox, individually ; on behalf of minor children E F ; N F; Holly Fox, individually ; on behalf of minor children E F ; N F,

*Plaintiffs—Appellees*,

*versus*

Nu Line Transport, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-502

Before Dennis and Engelhardt, *Circuit Judges*, and Hicks, *Chief District Judge*.*

Per Curiam:

This interlocutory appeal presents a single question: as a matter of Louisiana law, can a plaintiff maintain both (1) a cause of action against an employee for negligence for which the plaintiff seeks to hold the employer vicariously liable by alleging that the employee was acting in the course and

---

* Chief Judge of the Western District of Louisiana, sitting by designation.

No. 20-30716

scope of his employment, and (2) a cause of action directly against the employer for negligent hiring, training, or supervision, (3) when the employer stipulates or admits that the employee was acting within the course and scope of his employment at the time of the employee's alleged negligence? No state statute or Louisiana Supreme Court decision answers this question. As explained below, we have decided to certify the question to the Louisiana Supreme Court.

## I.

During a winter ice storm, Benjamin Fox, a trooper with the Louisiana State Police, was responding to a car crash on Interstate 10 in Calcasieu Parish. Simon Brumfield, driving a tractor-trailer owned by Nu Line Transport, crashed into the parked vehicle in which Fox was sitting. Benjamin Fox and his wife Holly, on behalf of themselves individually and their two minor children, filed a lawsuit in state court seeking damages for personal injury and loss of consortium.[1] The Foxes alleged that the crash was proximately caused by (1) negligence on the part of Brumfield (for which the Foxes sought to hold Nu Line vicariously liable), and (2) negligence on the part of Nu Line in its hiring, training, and supervision of Brumfield.[2] Defendants timely removed to federal court.

---

[1] In addition to Brumfield and Nu Line, the Foxes also joined as defendants Nu Line's insurer, American Millennium Insurance Company, and their own insurer, Safeco Insurance Company of Oregon.

[2] Specifically, the complaint alleged the following acts of negligence by Nu Line: (1) Negligent training of Brumfield on the safe operation of motor vehicles used in his employment; (2) negligent hiring; (3) negligent supervision; (4) allowing drivers to operate in icy conditions; (5) failure to warn drivers of icy conditions; (6) failure to design and enforce a standard operating procedure for driving in icy conditions; and (7) any other negligent acts revealed through discovery.

No. 20-30716

Nu Line thereafter stipulated, in the form of a written filing with the court, that Brumfield was acting in the course and scope of his employment with Nu Line at the time of the accident. On the same day, Nu Line moved for partial summary judgment seeking dismissal of plaintiffs' negligent hiring, training, and supervision claim. Nu Line, relying on *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016), asserted that, as a matter of Louisiana law, a plaintiff cannot maintain both (1) a claim against an employee for negligence that occurred in the course and scope of employment for which an employer would be vicariously liable under the doctrine of *respondeat superior*, and (2) a direct claim against the employer for negligent hiring, training, or supervision, (3) when the employer stipulates or admits that the employee was acting in the course and scope of employment at the time of the alleged negligence, and therefore is vicariously liable for any negligence. The district court initially granted the motion and dismissed the direct negligence claims against Nu Line. *Fox v. Nu Line Transp. LLC*, No. 2:18-CV-502, 2019 WL 4316955 (W.D. La. Sept. 11, 2019). Subsequently, the same district court judge denied a motion raising the same legal arguments in another auto accident case, *Roe v. Safety National Casualty Corporation*, No. 2:18-CV-1353, 2020 WL 3477071 (W.D. La. June 25, 2020), which prompted the Foxes to move for reconsideration. The district court, reversing course, granted the Foxes' motion, vacated its earlier partial judgment, and denied Nu Line's motion for partial summary judgment. *Fox*, 2020 WL 4432869 (W.D. La. July 31, 2020).

Nu Line then moved for the district court to certify its partial judgment for interlocutory appeal to this court under 18 U.S.C. § 1292(b), which the Foxes opposed. The district court granted the motion. *Fox*, 2020 WL 6155252 (W.D. La. Oct. 20, 2020). Agreeing with Nu Line and the district court that the partial judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion and that

No. 20-30716

an immediate appeal from the order may materially advance the ultimate termination of the litigation," we exercised our discretion to permit the appeal.  The Foxes then filed a motion in this court, opposed by Nu Line, urging that a certified question be submitted to the Louisiana Supreme Court. The motion to certify was carried with the case.  The motion to certify will be GRANTED.

## II.

The main case that Nu Line relies on is *Dennis v. Collins*.  In *Dennis*, the plaintiff alleged (1) negligent driving by a Greyhound bus driver, and (2) negligent supervision and training by Greyhound.  2016 WL 6637973, at *1.  Greyhound stipulated that the driver was acting in the course and scope of employment and moved for partial summary judgment on the negligent supervision and training claims.  *Id.*  The district court granted summary judgment in favor of the employer on the negligent supervision and training claim.  *Id.*  The court reasoned that if the employee was negligent, then Greyhound would be vicariously liable, but if the employee was not negligent, then no amount of negligence on the part of Greyhound in its supervision and training of the employee could be the cause-in-fact or proximate cause of the plaintiff's injury.  *Id.* at *7–8.  In so ruling, *Dennis* relied primarily on a state appellate decision reviewing a challenge to jury instructions.  *Id.* at *2–3, 7–8 (citing *Libersat v. J & K Trucking, Inc.*, 772 So. 2d 173 (La. App. 3rd Cir. 2000), *writ denied*, 789 So. 2d 598 (La. 2001)).

The Foxes contend that *Dennis* is inconsistent with the Louisiana Civil Code's pure comparative fault system, *see* La. Civ. Code arts. 2323 & 2324, and with Louisiana Supreme Court decisions, including *Roberts v. Benoit*, which characterize the negligent hiring, training, and supervision theory of liability as "separate and independent" from an employer's vicarious liability for its employees under the doctrine of *respondeat superior*.

4

No. 20-30716

605 So. 2d 1032, 1036–37 (La. 1991), *aff'd on reh'g* (1992). In siding with the Foxes, the district court in this case followed its earlier decisions in *Roe v. Safety National Casualty Corporation* and *Gordon v. Great West Casualty Company*, No. 2:18-CV-967, 2020 WL 3472634 (W.D. La. June 25, 2020). In addition to the Civil Code's comparative fault articles and *Roberts*, the *Roe* court also relied on policy considerations, stating that the rule from *Dennis* undermined the "deterrent aims of tort law" by "exclud[ing] evidence . . . of [the employer's] direct negligence" and reasoning that "[w]here an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts—which may, in turn, magnify the comparative fault of the plaintiff or other individuals." 2020 WL 3477071, at *4. District courts that have followed *Dennis* have referenced competing policy interests, including judicial efficiency and the avoidance of confusing or prejudicing the jury by introduction of evidence of employer negligence. *See, e.g., Rivera v. Robinson*, No. 18-14005, 2020 WL 5752851, at *6 (E.D. La. Sept. 25, 2020); *see also Thomas v. Chambers*, No. 18-4373, 2019 WL 1670745, at *7 (E.D. La. Apr. 17, 2019). *Roe* countered that these same policy interests could be served by other means—"through motions for summary judgment based on lack of evidence, motions in limine, and jury instructions." 2020 WL 3477071, at *5.

### III.

The Louisiana Supreme Court will consider certified questions from federal circuit courts of appeals so long as the question certified is "determinative of said cause independently of any other questions involved in said case" and "there are no clear controlling precedents in the decisions" of the state supreme court. LA. SUP. CT. R. 12(1). Before this court, the Foxes filed a motion for certification to the Louisiana Supreme Court. We agree that this question should be certified. First, the sole question presented for certification is "determinative" of this appeal and can be resolved

No. 20-30716

"independently of any other questions[.]"  Second, there is no definitive Louisiana Supreme Court precedent on this question.  Further, the resolution of this question has implications for the competing state policy interests underlying Louisiana tort law. *Compare Roe,* 2020 WL 3477071, at *5, *with Rivera*, 2020 WL 5752851, at *6.  Accordingly, the motion to certify that was previously carried with the case is now GRANTED.

\* \* \*

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

In accord with Rule XII of the Rules of the Louisiana Supreme Court, upon motion of a party it appears to this court that this proceeding involves a question or proposition of Louisiana state law that is determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the Louisiana Supreme Court.  Therefore, before rendering a decision, this court certifies the following question of law to the Louisiana Supreme Court for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law.

### a. Style of the Case

The style of this case is BENJAMIN FOX, INDIVIDUALLY; ON BEHALF OF MINOR CHILDREN EF; NF; HOLLY FOX, INDIVIDUALLY; ON BEHALF OF MINOR CHILDREN EF; NF, PLAINTIFFS—APPELLEES, VERSUS NU LINE TRANSPORT, L.L.C., DEFENDANT—APPELLANT.

No. 20-30716

## b. Statement of Facts

The statement of facts, showing the nature of the cause and the circumstances out of which the question or proposition of law arises, is provided above.

## c. Question of Law

The question that we certify to the Supreme Court of Louisiana is:

Under Louisiana law, can plaintiffs, Benjamin and Holly Fox, individually and on behalf of their minor children EF and NF, simultaneously maintain (1) a direct negligence claim against Nu Line for negligent hiring, training, and supervision of its employee Simon Brumfield and (2) a negligence claim against Brumfield for which Nu Line could be held vicariously liable under *respondeat superior*, (3) after Nu Line has stipulated that Brumfield was in the course and scope of employment when the alleged negligence occurred?

We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question we certify. If the Louisiana Supreme Court accepts this certificate, its answer will determine the outcome of this appeal. We transfer to the Louisiana Supreme Court the record and appellate briefs with our certification. This panel retains cognizance of this appeal pending the Louisiana Supreme Court's response, and this appeal shall return to this panel upon completion of consideration by the Louisiana Supreme Court.

QUESTION CERTIFIED.

**A True Copy**
**Certified Jun 16, 2022**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**