# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2022

Lyle W. Cayce
Clerk

No. 20-30716

Benjamin Fox, individually ; on behalf of minor children E F ; N F; Holly Fox, individually ; on behalf of minor children E F ; N F,

*Plaintiffs—Appellees*,

*versus*

Nu Line Transport, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-502

Before Dennis and Engelhardt, *Circuit Judges*, and Hicks, *Chief District Judge*.*

Per Curiam: †

This case returns to us after the Louisiana Supreme Court answered the single question of law presented by this appeal in a different case. In

---

* Chief Judge of the Western District of Louisiana, sitting by designation.

† Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30716

accord with this recent authority, *see Martin v. Thomas*, --- So.3d ---- (La. 2022), 2021-01490 (6/29/22), we AFFIRM the district court's denial of Nu Line's motion for partial summary judgment and REMAND for further proceedings consistent with *Martin* and Louisiana law.

This interlocutory appeal presented a single question: as a matter of Louisiana law, can a plaintiff maintain both (1) a cause of action against an employee for negligence for which the plaintiff seeks to hold the employer vicariously liable by alleging that the employee was acting in the course and scope of his employment, and (2) a cause of action directly against the employer for negligent hiring, training, or supervision, (3) when the employer stipulates or admits that the employee was acting within the course and scope of his employment at the time of the alleged negligence?

In our previous opinion, upon motion of the Foxes, we certified this question to the Louisiana Supreme Court. *Fox v. Nu Line Transp., L.L.C.*, 37 F.4th 289, 292 (5th Cir. 2022). After we transmitted our certification, the Louisiana Supreme Court answered this exact question in a case on appeal from the Louisiana Court of Appeal for the Second Circuit, *Martin v. Thomas*. In *Martin*, the Louisiana Supreme Court unanimously held that "a plaintiff can maintain both claims even if the employer has stipulated to the course and scope of employment." *Id.* at *1. Thus, *Martin* answers our certified question in the affirmative.

Therefore, because *Martin* confirmed that the district court's *Erie* guess in denying Nu Line's motion for summary judgment was correct, we AFFIRM the district court and REMAND for further proceedings.